Dana J. Oliver, Esq. (SBN: 291082)
dana@danaoliverlaw.com
OLIVER LAW CENTER, INC.
8780 19th Street #559
Rancho Cucamonga, CA 91701
Telephone:  (855)384-3262
Facsimile:  (888)570-2021

*Attorney for Plaintiff and the Proposed Class*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHET MICHAEL WILSON, individually and on behalf of all others similarly situated,<br><br><br>Plaintiff,<br><br>v.<br><br>MEDVIDI INC<br><br><br>Defendant. | Case No.<br><br><br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMAND** |

Plaintiff Chet Michael Wilson by his undersigned counsel, for this class action complaint against Defendant MEDVIDI INC ("MEDVidi") and their present, former and future direct and indirect parent companies, subsidiaries, affiliates, agents and related entities, allege as follows:

## I.    INTRODUCTION

1.    <u>Nature of Action</u>: "Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the

law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

2.    "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id*…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

3.    Plaintiff, individually and as class representative for all others similarly situated, brings this action against MEDVidi.com for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") for making telemarketing calls to numbers on the National Do Not Call Registry, including his own.

4.     Because telemarketing campaigns generally place calls to thousands or even millions of potential customers *en masse*, Plaintiff brings this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from or on behalf of Defendant.

## II.     PARTIES

5.   Plaintiff is an individual.

6.   Defendant MEDVIDI INC is a corporation with its principal place of business located in this District.

## III.     JURISDICTION AND VENUE

7.   <u>Jurisdiction.</u> This Court has federal-question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. 47 U.S.C. § 227; *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012).

8.   <u>Personal Jurisdiction</u>: This Court has personal jurisdiction over Defendant because they are located in this District.

9.   <u>Venue</u>: Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1)-(2) because a substantial part of the events giving rise to Plaintiff's claims—namely, the illegal telemarketing at issue—occurred from this District.

10. <u>Intradistrict Assignment</u>: Assignment to this Division is proper pursuant to Civil Local Rule 3-2(c) because a substantial part of the events or omissions that give rise to Plaintiff's claims—namely, the direction of the illegal telemarketing—occurred from this District and Defendant resides here.

## IV.     FACTS

**A.     The Enactment of the TCPA and its Regulations**

11.     In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

12.    § 227(c) of the TCPA requires the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

13.    The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

14.    A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

15.    The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are made.  47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

**B.    Defendant's Unsolicited Telemarketing to Plaintiff**

16.    Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

17.    Plaintiff is, and has been for at least five years, the subscriber to and customary user of his cellular telephone number—(541) XXX-9999.

18.    Plaintiff had registered his number on the National Do Not Call Registry for at least 30 days prior to receiving the calls at issue.

19.    Defendant placed calls to telephone number (541) XXX-9999 intending to reach someone other than Plaintiff.

20.    Plaintiff never consented to receive calls from MEDVidi.

21.    Plaintiff never did business with MEDVidi.

22.    Despite that, Mr. Wilson received multiple telemarketing text messages from the Defendant in 2022 and 2024.

23.    These texts came even after Mr. Wilson had replied "STOP" in 2022 and had that "STOP" claim that it was acknowledged and received.

24.    Some of those texts are below:

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21



22    25.    The Defendant did not deny making telemarketing calls to the Plaintiff.

23    26.    The telemarketing alleged herein: (A) invaded Plaintiff's privacy and solitude; (B)

24    wasted Plaintiff's time; (C) annoyed Plaintiff; (D) tied up Plaintiff's phone line; and (E) harassed

25    Plaintiff.

26
27
28

# V.    CLASS ACTION ALLEGATIONS

27.    Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

28.    Plaintiff brings this action on behalf of himself and the following class (the "Class") pursuant to Federal Rule of Civil Procedure 23:

> **National DNC Class:** All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call from or on behalf of Defendant promoting MEDVidi's goods or services, (3) within a 12-month period (4) at any time in the period that begins four years before the date of filing this Complaint to trial.

> **Internal Do Not Call Class:** All persons within the United States to whom: (1) Defendant (or a third-party acting on behalf of Defendant) (2) but who received more than one telemarketing call from or on behalf of Defendant promoting MEDVidi's goods or services, (3) who were not current customers of the Defendant at the time of the calls, (4) who had previously asked for the calls to stop and (5) within the four years prior to the filing of the Complaint.

29.    Excluded from the class are Defendant, Defendant's officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

30.    **Numerosity**: The exact number of Class members is unknown but based on the *en masse* nature of telemarketing is believed to be at least hundreds of persons at this time, and individual joinder in this case is impracticable. Class members can be easily identified through Defendant's records, or those of its agents.

31.    **Typicality**: Plaintiff's claims are typical of the claims of other Class members in that Plaintiff, and Class members, sustained damages arising out of Defendant's telemarketing

calls and Class members sustained similar injuries and damages as a result of Defendant's uniform illegal conduct.

32.    **Adequacy**: Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in complex class actions to vigorously prosecute this action on behalf of the Class. Plaintiff has no interests that conflict with, or are antagonistic to those of, the Class, and Defendant has no defenses unique to Plaintiff.

33.    **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and members of the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to, the following:

    a.    whether Defendant systematically made multiple telephone calls to members of the National Do Not Call Registry Class;

    b.    whether Defendant made calls to Plaintiff and members of the National Do Not Call Registry Class without first obtaining prior express written consent to make the calls and;

    c.    whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

34.    **Superiority**: Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein.  Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.  There are hundreds of Class members, such that joinder of all members is impracticable.

35.    In addition to satisfying the prerequisites of FED. R. CIV. P. 23(a), Plaintiff satisfies the requirements for maintaining a class action under FED. R. CIV. P. 23(b) because:

a.      The prosecution of separate actions by the individual Class members would create a risk of inconsistent or varying adjudication which would establish incompatible standards of conduct for Defendant;

b.      The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests;

c.      Defendant has acted or refused to act on grounds that apply generally to the proposed Class, thereby making final injunctive relief or declaratory relief herein appropriate with respect to the proposed Class as a whole; and

d.      Questions of law or fact common to the members of the Class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

**COUNT I**
**Violations of the TCPA, 47 U.S.C. § 227**
**(On Behalf of Plaintiff and the National DNC Class)**

36.     Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

37.     It is a violation of the TCPA to initiate any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the National Do Not Call Registry. 47 C.F.R. 64.1200(c)(2).

38.     It is also a separate violation to place calls before 8:00 AM, as the Defendant did for some of the text messages received by Plaintiff.

39.     Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violated the TCPA by causing multiple telephone solicitation calls to be initiated to Plaintiff and members of the National DNC Class in a 12-month period, despite the person's registration of his or her telephone numbers on the National Do Not Call Registry

40.     These violations were willful or knowing.

41.     As a result of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA's national do-not-call rule, Plaintiff and members of the National DNC Class are each entitled to an injunction and up to $500 in damages for each such violation. 47 U.S.C. § 227(c)(5).

42.     Because such violations were willful or knowing, the Court should treble the amount of statutory damages, pursuant to 47 U.S.C. § 227(c)(5).


**SECOND CAUSE OF ACTION**
**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(d) on behalf of Plaintiff and the Internal Do Not Call Class)**

43. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

44. The foregoing acts and omissions of Defendant, and/or their affiliates, agents, and/or other persons or entities which discovery may reveal may have been acting on Defendant's behalf, constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by sending telemarketing calls, except for emergency purposes, to Plaintiff and members of the Internal Do Not Call Class despite previously requesting that such calls stop.

45. Defendant's violations were negligent, willful, or knowing.

46. As a result of Defendant's, and/or its affiliates, agents, and/or other persons or entities which discovery may reveal may have been acting on Defendant's behalf's, violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Internal Do Not Call Class are entitled to

an award of up to $500 and in damages for each and every call sent and up to $1,500 in damages if the calls are found to be willful.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the National DNC Class, respectfully requests that the Court enter judgment against Defendant for:

A.      Certification of the classes as alleged herein;

B.      Appointment of Plaintiff as representative of the Classes;

C.      Appointment of the undersigned as counsel for the Classes;

D.      Damages to Plaintiff and members of the classes pursuant to 47 U.S.C. § 227(c)(5);

E.      Attorneys' fees and costs, as permitted by law; and

F.      Such other or further relief as the Court deems just and proper.


**PLAINTIFF**, individually and on behalf of all others similarly situated,

DATED this 7th day of May, 2025.


By: */s/ Dana Oliver*


Anthony I. Paronich, *Subject to Pro Hac Vice*
anthony@paronichlaw.com
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, Massachusetts 02043
Telephone: (617) 738-7080
Facsimile: (617) 830-0327

*Attorney for Plaintiff and the putative Class*