Young Choi (SBN: 230645)
yc@dmcounsel.com
**Dental & Medical Counsel, P.C.**
1904 Olympic Blvd., Suite 240
Walnut Creek, CA 94596
Tel: (925) 999-8200
Fax: (925) 884-1725

Eric P. Knowles, Esq. (*admitted pro hac vice*)
EKnowles@frierlevitt.com
Paul S. St. Marie, Jr., Esq. (*admitted pro hac vice*)
PStMarie@frierlevitt.com
**Frier Levitt, LLC**
84 Bloomfield Avenue,
Pine Brook, NJ 07058
Tel.: (973) 852-1872
Fax (973) 618-0650

Attorneys for Defendant, Medvidi, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHET MICHAEL WILSON, individually and on behalf of all others similarly situation,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>MEDVIDI INC.,<br><br>　　　　　　　Defendant. | CASE No. 5:25-cv-03996-BLF<br><br>**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS (D.I. 14)**<br><br>Hearing Date: October 23, 2025<br>Time: 9:00 a.m.<br>Courtroom 1, Fifth Floor<br>Hon. Beth Labson Freeman |

**REPLY BRIEF IN FURTHER SUPPORT OF
DEFENDANT'S MOTION TO DIMISS THE COMPLAINT
PURSUANT TO FED. R. CIV. P. 12(B)(6)**

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................................ i

TABLE OF AUTHORITIES ......................................................................................................... ii

ARGUMENT .................................................................................................................................. 1

I.   The Court Should Dismiss The Complaint Because The TCPA Does Not Provide A Private Right Of Action For Claims Under Section 227(c)(5) Based On Unsolicited Text Messages Following *Loper Bright* And *McLaughlin Chiropractic* ...................................... 3

    A.   Plaintiff Cannot Alter the TCPA Based on Modern Day Preferences ...................... 3

    B.   Deference to FCC Orders Interpreting The TCPA Is No Longer Warranted ........... 4

II.  Plaintiff's Text Message Analysis is Flawed ................................................................ 6

    A.   47 U.S.C. § 227(c)(5) Does Not Apply to Text Messages. ....................................... 6

    B.   Plaintiff Cannot Claim Courts Expanded the TCPA by Inference ............................ 8

    C.   Plaintiff's Reliance on Legislative History Is Misguided .......................................... 9

III. Even If The TCPA Authorizes a Private Right of Action for Text Messages, Plaintiff Fails To Plausibly Allege Defendant Violated The TCPA ................................... 10

CONCLUSION ............................................................................................................................ 13

# TABLE OF AUTHORITIES

**Cases**

*Abramson v. Josco Energy USA, LLC*, 2022 U.S. Dist LEXIS 237792 (W.D. Pa. Aug. 1, 2022)……………………………………………………………...………...11-12

*Azar v. Allina Health Servs.*, 587 U.S. 566 (2019)………………………………………6

*Campbell-Ewald Co. v. Gomez*, 577 U.S. 153 (2016)…………………………………...8

*Davis v. CVS Pharm., Inc.*, 2025 U.S. Dist LEXIS 167366 (N.D. Fl. Aug. 26, 2025)…..4, 8-9

*Facebook v. Duguid*, 592 U.S. 395 (2021)………………………………….…………3-4, 8

*Fla. v. Dept. of Health & Hum. Servs.*, 739 F. Supp. 3d 1091 (M.D. Fla. 2024)……………..3

*Hulce v. Zipongo Inc.*, 132 F.4h 493 (7th Cir. 2025)………………………………………10

*Ins. Mktg. Coal Ltd. v. Fed. Commc'ns Comm'n*, 127 F.4th 303 (11th Cir. 2025)…………3, 5

*Jones v. Blackstone Med. Servs., LLC*, 2025 WL 204764 (C.D. Ill. July 21, 2025)……...4, 6-8

*Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024)……………………………… 3-5, 10

*McLaughlin Chiropractic Assocs., Inc. v. McKessen Corp.*, 606 U.S. 146 (2025)..…….4-5, 8-9

*Smith v. Am.-Amicable Life Ins. Co. of Texas*, 2022 WL 1003762 (E.D. Pa. Apr. 4, 2022)…...10

*Turizo v. Subway Franchisee Adver. Fund Trust Ltd.*, 603 F Supp. 3d 1334 (S.D. Fl. May 18, 2022)………………………………………………………………………………….…9

*Wilson v. Skopos Fin., LLC*, 2025 U.S. Dist LEXIS 138638 (D. Or. July 21, 2025)…………2

**Statutes**

47 U.S.C. § 227, *et seq*..………………………………………………………………...1

47 U.S.C. § 227(a)(4)..……………………………………………………..……………....6

47 U.S.C. § 227(b)(1)(B)………………………………………………………………...7

47 U.S.C. § 227(c)(5)……………………………………………………………………*passim*

47 U.S.C. § 227(d)……………………………………………………………………….6

47 U.S.C. § 227(e)……………………………………………………………………….7

Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, Dec. 20, 1991, 105 Stat. 2394 (Dec. 20, 1991)..............................................................................................................7

**Regulations and Administrative Materials**

47 C.F.R. § 64.1200(c)(2)..........................................................................................................6

*In Re Rules and Regs. Implementing the TCPA of 1991*, 18 FCC Rcd. 14014 (2003)….......5

*In the Matter of Targeting & Eliminating Unlawful Text Messages Rules & Regs. Implementing the Tel. Consumer Protection Act of 1991 Advanced Methods to Target & Eliminate Unlawful Robocalls*, 38 F.C.C. Rdc. 12247 (2023)…………………………………..………………..5

Pursuant to this Court's September 15, 2025 Order (Dkt. 25), Defendant, Medvidi, Inc. ("Medvidi" or "Defendant") files the following Reply in support of its Motion to Dismiss.

## ARGUMENT

Plaintiff's Class Action Complaint against Defendant alleging violations under the Telephone Consumer Protection Act ("TCPA") (*see* 47 U.S.C. § 227, et seq.) should be dismissed with prejudice for multiple independently sufficient reasons.

***First***, the Complaint must be dismissed as a matter of law in light of the recent decisions in *Loper Bright* and *McLaughlin Chiropractic* whereby the Supreme Court of the United States substantially lowered the level of deference federal courts owed to agency interpretations of Congressional acts within a particular agency's purview. *See*, *infra*, §§ I-II. As a result of this Court's expanded capability to interpret statutes without deference to the relevant agency's prior interpretations, the Court here should find that prior FCC interpretations of Section 227(c)(5) of the TCPA authorizing a private right of action for persons who "received more than one **telephone call**" within any 12-month period" does not contemplate or authorize actions under Section 227(c)(5) for violations based on text message communications.

***Second***, even without this Court finding that the principles of statutory construction support a finding that actions based on text messages are not authorized under Section 227(c)(5), the Complaint should still be dismissed on account of Plaintiff's failure to plausibly allege non-speculative factual allegations giving rise to a right to relief against Defendant under the TCPA. Cases cited in Opposition by Plaintiff do little to bridge the factual gaps in Plaintiff's alleged entitlement to relief and actually demonstrate precisely why the barebones allegations contained in the Complaint here are insufficient to satisfy the pleading requirements. *See*, *infra*, § III.

Furthermore, additional information that is tangential to this case gives rise to an inference that this matter is no more than a targeted fishing expedition against the Defendant by a seasoned TCPA-plaintiff. Specifically, the named Plaintiff here—Chet Michael Wilson—***has personally filed more than fifty class action complaints for violations under TCPA since 2024.***[1] *See* Declaration of Eric P. Knowles ("Knowles Decl.") at ¶ 4, Ex. A (screen capture of LexMachina search results identifying Plaintiff's nation-wide TCPA litigation campaign). Of those nearly sixty class action complaints, publicly available records indicate that 21 of the actions have been voluntarily dismissed – likely in response to a cash settlement – less than twelve months from filing without a single case proceeding to class certification. *See* Knowles Decl. at ¶ 5, Ex. B. Effectively, Chet Michael Wilson, under the auspices of representing the interests of "all others similarly situated," has filed at least dozens of actions in federal district courts across the country without once seeking to certify the proposed classes. Even further perplexing, yet also further indicative of this action's likely sham nature, is the Plaintiff's telephone number ending in "9999". It has long been a closely watched detail among the TCPA defense bar that plaintiff asserting TCPA violations having telephone numbers ending in "9999" are likely ghost numbers such that the telephone number's sole purpose for existing is to entice inadvertent TCPA violations with automated telephone number dialing generators. *See* Knowles Decl. at ¶ 6, Ex. C at 3-4 and Ex. D

---

[1] Indeed Plaintiff's Opposition appears to cite favorably at least one district court opinion from one of the dozens of cases filed by Chet Michael Wilson in the past 20 months. *See* D.I. 26 at 4, 7, 10, 13, and 20 (citing *Wilson v. Skopos Fin., LLC*, 2025 U.S. Dist. LEXIS 138638 (D. Or. July 21, 2025).

at 2-4 (articles discussing suspect nature of TCPA plaintiff having phone numbers ending in "9999").

Accordingly, the recent Supreme Court precedent, the Congressional intent at the time of the TCPA's passage, the barebones, speculative, and conclusory allegations in the Complaint, and the Plaintiff's overall suspect filing of move than fifty near-identical class action complaints while asserting ownership of a telephone number ending in "9999" warrant a finding by this Court that the Defendant's *Motion to Dismiss is granted* and that the *Complaint is dismissed with prejudice*.

### I. THE COURT SHOULD DISMISS THE COMPLAINT BECAUSE THE TCPA DOES NOT PROVIDE A PRIVATE RIGHT OF ACTION FOR CLAIMS UNDER SECTION 227(C)(5) BASED ON UNSOLICITED TEXT MESSAGES FOLLOWING *LOPER BRIGHT* AND *MCLAUGHLIN CHIROPRACTIC*

#### A. Plaintiff Cannot Alter the TCPA Based on Modern Day Preferences

Plaintiff relies heavily throughout his Opposition brief on policy goals in an effort to justify altering the plain language of the TCPA. *See*, *e.g.*, Dkt. 26, 10-12. There are two critical errors in Plaintiff's analysis. First, Plaintiff contends that this Court is free to interpret the TCPA in a manner incongruous with the TCPA's plain meaning as drafted in 1991. *See*, *e.g.*, *id.* at 11-12. Plaintiff is wrong. The Supreme Court recently reiterated that "every statute's meaning is fixed at the time of enactment." *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 400 (2024) (internal quotations and citation omitted); see also *Fla. v. Dep't of Health & Hum. Servs.*, 739 F. Supp. 3d 1091, 1105 (M.D. Fla. 2024) ("As *Loper* states, the whole point of having a written statute is 'every statute's meaning is fixed at the time of enactment.'") (*quoting Loper Bright*, 603 U.S. at 400). In other words, despite decades of technological advancement since the TCPA's enactment in 1991, that advancement "did not change [the TCPA's] meaning in 2024." *Fla.*, 739 F. Supp. 3d at 1105.

Second, the Supreme Court has previously rejected arguments that the TCPA is an "agile tool" malleably drafted to mold to changing technologies. *See Facebook v. Duguid*, 592 U.S. 395,

409 (2021). A myriad of courts have rejected the notion that policy goals can override the plain text of the TCPA. *See, e.g., id.* ("This Court must interpret what Congress wrote…"); *see also Ins. Mktg. Coal. Ltd. v. Fed. Commc'ns Comm'n*, 127 F.4th 303, 315 (11th Cir. 2025) ("A textual good policy cannot overcome clear text…[t]he FCC has no authority to dictate otherwise").

Plaintiff's contention that the TCPA was enacted to curb telemarketing does not salvage Plaintiff's flawed interpretation, which would improperly transform the statute into a broad regime governing *all* telephonic outreach. The proper body to adapt the TCPA to the modern day, if appropriate, is Congress. *See Duguid*, 592 U.S. at 409 ("Duguid's quarrel is with Congress, which did not define an autodialer as malleably as he would have liked"); *see also Jones v. Blackstone Medical Services, LLC*, No. 1:24-CV-01074-JEH-RLH, 2025 WL 2042764, at *5 (C.D. Ill. July 21, 2025) (finding that Section 227(c)(5) does not cover "text messages" reasoning that "[i]t is for Congress to respond to the issues presented in this case and to address the realities of today's technology"); *and see Davis v. CVS Pharm., Inc.*, 2025 U.S. Dist. LEXIS 167366 at *7 (N.D. Fl. Aug. 26, 2025) (Congress "clearly limited the private right to those receiving 'telephone calls'").

B. **Deference to FCC Orders Interpreting The TCPA Is No Longer Warranted**

Plaintiff's Opposition imprecisely analogized the *Loper Bright* decision to the instant case when suggesting that since the FCC was acting under its "discretionary authority expressly delegated by Congress" when issuing regulations interpreting other provisions in the TCPA, then the FCC was likewise acting under its same Congressional authority when expansively interpreting Section 227(c)(5)'s private right of action for unlawful "telephone calls" as including violations based on text messages. Plaintiff's interpretation and application of *Loper Bright* here fails to account for specific facts relevant to statutory construction that render Plaintiff's alleged construction of "telephone calls" to be directly at odds with Congressional intent at the time of the TCPA's enactment in 1991.

The Supreme Court's decision in *Loper Bright* returned courts to their traditional function "to ***independently interpret*** the statute…and ***effectuate the will*** of Congress…by recognizing constitutional delegations, '***fix[ing] the boundaries*** of [the] delegated authority,'…and ***ensuring*** the agency has engaged in '***reasoned decision making***' within those boundaries." *Loper Bright*, 603 U.S. at 395 (emphasis added). In turn, *McLaughlin Chiropractic* ensures that courts are "not bound by the FCC's interpretation of the TCPA," but rather courts "should ***interpret the statute as courts traditionally do***." *McLaughlin Chiropractic Assocs., Inc. v. McKesson Corp.*, 606 U.S. 146, 168 (2025). In addition to permitting this Court to assess the meaning of "telephone calls" under Section 227(c)(5) without the mandate to defer to the FCC, this landmark change to statutory construction and agency deference renders a substantial amount of Plaintiff's cited case law unpersuasive.

First, Plaintiff assumes agency orders remain subject to judicial deference. *See* Dkt. 26 at 11. The Supreme Court's *Loper Bright* decision provides key context. Due respect to agency interpretations is "especially warranted when an Executive Branch interpretation was issued roughly contemporaneously with enactment of the statute and remained consistent over time." *Loper Bright*, 603 U.S. at 386, 388, 394. The interpretation at issue here, as opposed to several other provisions to which due respect may remain appropriate, was neither contemporaneous nor consistent as the FCC interpretations at issue were adopted ***more than a decade*** after the TCPA. *See In Re Rules and Regulations Implementing the TCPA of 1991*, 18 FCC Rcd. 14014 (2003). Indeed, the FCC did not extend the DNC Regulations to text messaging until 2023. *See In the Matter of Targeting & Eliminating Unlawful Text Messages Rules & Reguls. Implementing the Tel. Consumer Prot. Act of 1991 Advanced Methods to Target & Eliminate Unlawful Robocalls*, 38 F.C.C. Rcd. 12247, 12256-57 (2023).

5
DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS – 5:25-CV-03996-BLF

Plaintiff further ignores that the TCPA does not give the FCC discretion to alter the TCPA's plain language. *See* Dkt. 26 at 12 (suggesting the FCC interpretations at issue were made pursuant to Congressional authority). The TCPA does provide the FCC certain implementation authority, but what it cannot do is alter the choices Congress made. *See Ins. Mktg. Coal.*, 127 F.4th at 312-17 (explaining the reaches of the FCC's authority and finding the FCC issued an interpretation of the term "prior express consent" in conflict with the plain, common law meaning).

Critically, nowhere does the TCPA give the FCC the authority to redefine "call" beyond the plain meaning of those terms. No reasonable and ordinary person would define the term "telephone call" to include text messages. And no reasonable and ordinary person would hear that someone was contacted by "telephone call" and understand that to include the possibility the person was contacted via text message.

## II.     PLAINTIFF'S TEXT MESSAGE ANALYSIS IS FLAWED

### A.     47 U.S.C. § 227(c)(5) Does Not Apply to Text Messages.

The private right of action at issue is limited to "[a] person who has received more than one ***telephone call*** within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection…" 47 U.S.C. § 227(c)(5) (emphasis added). The focus on this provision is not, as Plaintiff would like the Court to believe, a misnomer, but common sense that aligns with standard principles of statutory construction.

The term "telephone solicitation" does not impact the analysis. First, it is correct that the regulation at issue, 47 C.F.R. § 64.1200(c)(2), pertains to "telephone solicitations." Second, it is also correct this term is defined to include "telephone call or message." 47 U.S.C. § 227(a)(4). Where Plaintiff errs is that "message" refers not to text messages—which post-date the TCPA—but to prerecorded voice messages and fax messages. *See Jones*, 2025 WL 2042764, at *4 ("Section 227(a)(4) does not refer to 'text message'; 'telephone call or message' could not be interpreted in

6
DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS – 5:25-CV-03996-BLF

1991 to telephone call or text message . . ."). The term "message" appears throughout the TCPA and this consistency provides its meaning. *See, e.g.*, 47 U.S.C. § 227(b)(1)(B) (prohibiting "any ***telephone call*** to any residential telephone line using an artificial or ***prerecorded voice to deliver a message* . . .**"); *see also* 47 U.S.C. § 227(d) (prescribing standards for ***fax messages*** and "artificial or ***prerecorded voice messages***"). These provisions, along with the definition of "telephone solicitation" were part of the originally enacted TCPA. *See* PL 102–243, December 20, 1991, 105 Stat 2394.

Plaintiff's error stems from the assumption that "message" must have been intended by Congress to provide for a technology that did not exist in 1991 without considering that an alternate, time appropriate, understanding of the term "message" (i.e. pre-recorded voice messages and fax messages) existed. And Plaintiff's proposed interpretations defy tools of statutory interpretation and common sense. *See, e.g.*, *Azar v. Allina Health Servs.*, 587 U.S. 566, 576 (2019) ("[W]hen Congress uses a term in multiple places within a single statute, the term bears a consistent meaning throughout."). While "message," is used throughout the TCPA, "text message" did not appear in the TCPA until 2018, when Congress added the term into a *different section* of the TCPA. *See* Consolidated Appropriations Act, 2018, H.R. 1625, 115th Cong., Pub. L. No. 115-141, div. P, § 503(a) (2018) (codified at 47 U.S.C. § 227(e)).

Critically, in one of the first cases to evaluate this issue post-*McLaughlin Chiropractic*, a Central District of Illinois court determined that 47 U.S.C. § 227(c) ***does not*** apply to text messages. *See Jones*, 2025 WL 2042764, at *1. The court engaged in its own statutory analysis, determining:

> Text messaging was not an available technology in 1991, and thus "telephone call" would not have included text messages or SMS messages . . . Moreover, in today's American parlance, "telephone call" means something

> entirely different from "text message". Thus, under a plain reading, Section 227(c)(5) of the TCPA does not regulate text messages.

*Id.* at *3-4 (internal quotations and citations omitted). The court also analyzed the FCC's orders, noting the orders regarding text messages only discussed Section 227(b)—not Section 227(c). *See id*. at *4-5. While the court in *Jones* afforded respect to the FCC's view, it found the plain language of the statute controlled, holding "[i]t is not for a court to legislate by reading into the TCPA something that is not there." *Id*. at *5.

But the *Jones* court is not alone. A recent opinion from the Northern District of Florida agreed with the *Jones* court finding that "a text message is not a 'telephone call'" for purposes of Section 227(c)(5)'s private right of action. *Davis v. CVS Pharm., Inc.*, 2025 U.S. Dist. LEXIS 167366, *2 (N.D. Fl. Aug. 26, 2025). In distinguishing cases relied on by Plaintiff, such as *Campbell-Ewald Co. v. Gomez*, the court in *Davis* held that the Supreme Court in *Campbell* did not actually address the issue of whether a text message is a "telephone call" under the private right of action and instead decided a broader prohibition on the term "any call" under Section 227(b)(1)(A)(iii). *See Davis*, 2025 U.S. Dist. LEXIS 167366 at *4 (citing *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 156 (2016)).

### B. **Plaintiff Cannot Claim Courts Expanded the TCPA by Inference**

Plaintiff's effort to infer that the Supreme Court has inferred "telephone calls" to include text messages under Section 227(c)(5) is misguided. The Supreme Court has twice evaluated TCPA text message cases and in both circumstances, the parties ***assumed*** text messages were covered. *See Duguid*, 592 U.S. at 400 n.2 ("Neither party disputes that the TCPA's prohibition also extends to sending unsolicited text messages…We therefore assume that it does without considering or resolving that issue."); *Campbell-Ewald Co.*, 577 U.S. at 156 (2016) (noting neither party disputed whether a text message was a call). And this makes sense. ***At the time*** of *Duguid* and *Campbell-*

*Ewald*, **the prevailing view was FCC orders were beyond reproach**, and thus no one challenged the FCC's view. Case law, as a result, was stunted until the Supreme Court's opinion in *McLaughlin Chiropractic*.

In *McLaughlin*, the Supreme Court called for "'appropriate respect,' not 'appropriate deference'" which can be provided "without adopting a statutory interpretation that conflicts with the ordinary public meaning of clear statutory text." *See Davis*, 2025 U.S. Dist. LEXIS 167366, *8-9 (discussing *McLaughlin*, 606 U.S. 146, 152 (2025)). Accordingly, this Court need not give prior FCC order's interpreting "telephone calls" in a manner inconsistent with the ordinary public meaning of clear statutory text any weight and still have afforded the FCC order "appropriate respect."

### C. Plaintiff's Reliance on Legislative History Is Misguided

Critically, Plaintiff turns to legislative history and the supposed delegation of authority to the FCC to try to expand the TCPA's plain language. Dkt. 26 at 7-14. This argument fails to be persuasive.

Plaintiff contends the mention of cellular telephones in the legislative history supports the notion that Congress effectively provided for future expansion of the word "call" to include a "text message" as it is ordinarily understood by the public. Congress did no such thing. The discussion of cell phones in the legislative history establishes Congress was aware of such devices and knew how to address them. *See* H.R. REP. 102-317, 5 ("The purpose of the bill (H.R. 1304) is to protect residential telephone subscriber privacy rights . . . H.R. 1304 *also prohibits* unsolicited ADRMP calls to any telephone number assigned to paging, specialized mobile radio, or *cellular telephone service*.") (emphasis added). The ***inclusion*** of cell phones in 47 U.S.C. § 227(b) and their ***omission*** in 47 U.S.C. § 227(c) was ***not accidental***. *See Turizo v. Subway Franchisee Adver. Fund Trust Ltd.*, 603 F. Supp. 3d 1334, 1340 ("Considering Congress knew of cellular telephones . . . a

9
DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS – 5:25-CV-03996-BLF

proper interpretation of the statute would conclude that Congress intentionally omitted any reference to cellular telephones in section 227(c).").

A common theme in Plaintiff's case law—and Plaintiff's arguments—is the fear that a contrary interpretation of the issues at hand would be untenable given the *modern* transition from landlines to cell phones, and the *modern* prevalence of text messaging. *See*, *e.g.*, D.I. 26 at 24 ("turn the statute into a museum piece"). Not only is Plaintiff's concern overstated where the issue at hand pertains exclusively to the scope of the private right of action, but it has no bearing on the proper interpretation. *See Loper Bright*, 603 U.S. at 400 (noting the **statute's meaning is fixed** at the time of enactment) (emphasis added); *Hulce v. Zipongo Inc.*, 132 F.4th 493, 500 (7th Cir. 2025) ("Hulce's appeals to the remedial nature of the TCPA or selective quoting of the legislative history do not carry the day").

Congress, and not the courts, must amend the TCPA if appropriate. Until then, and under the new landscape of *Loper Bright* and *McLoughlin Chiropractic*, this Court should find that the correct interpretation of Section 227(c)(5), as intended by Congress at the time of its enactment, limits the meaning of "telephone calls" as excluding actions based on text messages.

### III. EVEN IF THE TCPA AUTHORIZES A PRIVATE RIGHT OF ACTION FOR TEXT MESSAGES, PLAINTIFF FAILS TO PLAUSIBLY ALLEGE DEFENDANT VIOLATED THE TCPA

Irrespective of the issue of statutory construction, the Court should still grant Defendant's Motion to Dismiss by finding that Plaintiff failed to plausibly allege that Defendant violated Section 227 of the TCPA. Plaintiff's Opposition, much like the Complaint itself, fails to allege specific facts connecting Defendant to any actionable TCPA violation. Plaintiff's alternative request for leave to amend, presented without a proposed amended pleading and futile on its face, is improper and should be denied or given no weight.

Case law cited by Plaintiff in its Opposition is also distinguishable from the situation here. By way of example, in *Smith v. Am.-Amicable Life Ins. Co. of Texas*, the individuals wrongfully calling the plaintiff informed him that he was "speaking with American-Amicable." *See Smith v. Am.-Amicable Life Ins. Co. of Texas*, 2022 WL 1003762, at *2 (E.D. Pa. Apr. 4, 2022). By contrast, the text messages alleged here do not identify Medvidi by name, and the Opposition's assertion that the embedded links connect the messages to Medvidi is pure speculation and should be disregarded. This allegation is never specifically stated in the Complaint. The Complaint contains zero screen shots of the links allegedly connected to Medvidi. Likewise, Plaintiff's Opposition does not cite a single piece of support when claiming even though "the texts did not 'name' Medvidi" "the texts link [Medvidi's] website." *See* D.I. 26 at 22. If allegations this baseless and speculative without a single connective thread tying the allegations together passes muster at the pleading stage, then career-plaintiffs nationwide (**just like Chet Michael Wilson**) will be capable of engaging in wide-spread campaigns to file as many class action complaints under the TCPA as possible against any company that potentially sent an unauthorized text message to any plaintiff. Permitting this *de facto* legal extortion to persist is beyond wasteful of the federal judiciary's resources and this high potential for abuse should not be fueled by allowing a pleading as conclusory and speculative as this one to survive this motion to dismiss.

Furthermore, the plaintiff in *Abramson v. Josco Energy USA, LLC*—another case cited favorably by Plaintiff—alleged a whole host of facts that are simply absent from the Complaint here. *See Abramson v. Josco Energy USA, LLC*, 2022 U.S. Dist. LEXIS 237792, *6 (W.D. Pa. Aug. 1, 2022). Specifically, the plaintiff in *Abramson* was provided with a verification number unique to a specific purchase that the plaintiff made with Josco. *See id.* Further still, the plaintiff in *Abramson* said he spoke to an individual that identified themselves as an employee with Josco

11
DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS – 5:25-CV-03996-BLF

Energy and the Complaint specifically alleged that their investigation revealed the Josco Energy employee called the plaintiff from a telephone number known to be associated with Josco Energy. *See id.* at *5. The Complaint in this case does not contain a single allegation remotely as specific as the ones relied upon by the court in *Abramson*.

Further damaging to Plaintiff's reliance on *Abramson* is that the initial complaint filed in *Abramson*, which did not have the factual specificity as outlined above, was dismissed for failure to state a claim without prejudice where the allegations were limited to an "agent" calling to enroll the plaintiff in Josco Energy where the plaintiff was ultimately transferred to a recorded verification system. *Abramson*, 2022 U.S. Dist. LEXIS 237792 at *4. The court concluded that, at best, the allegations suggested that the "caller had some connection to Defendant and that Defendant stood to benefit from the call" but "such facts, even if true, [we]re not sufficient on their own to establish TCPA liability." *Id.* The facts alleged in the Complaint by the Plaintiff here are even more barebones than those deemed unsatisfactory during the motion to dismiss the initial complaint in *Abrahamson* and therefore require dismissal.

Accordingly, the Court should dismiss the Complaint as the Plaintiff failed to plausibly allege that Defendant violated the TCPA.

# CONCLUSION

For the reasons stated herein as well as those stated in Defendant's Memorandum in Support of the Motion to Dismiss (D.I. 14), Medvidi respectfully requests this Court to (i) dismiss Plaintiff's Complaint with prejudice and (ii) award all other relief it deems equitable and just.

**Dental & Medical Counsel, P.C.**

By: */s/ Young Choi*
Young Choi (SBN: 230645)
yc@dmcounsel.com
**Dental & Medical Counsel, P.C.**
1904 Olympic Blvd., Suite 240
Walnut Creek, CA 94596
Tel: (925) 999-8200
Fax: (925) 884-1725

Eric P. Knowles, Esq. (*admitted pro hac vice*)
Paul S. St. Marie, Jr. (*admitted pro hac vice*)
**FRIER LEVITT, LLC**
84 Bloomfield Avenue
Pine Brook, NJ 07058
Tel. (973) 618-1660
Fax (973) 618-0650

Dated: September 30, 2025          Attorneys for Defendant, Medvidi, Inc.