Anthony I. Paronich
*Pro Hac Vice*
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
[o] (617) 485-0018
[f] (508) 318-8100
anthony@paronichlaw.com

*Attorneys for plaintiff and the Proposed Class*

Young Choi (SBN: 230645)
yc@dmcounsel.com
**Dental & Medical Counsel, P.C.**
1904 Olympic Blvd., Suite 240
Walnut Creek, CA 94596
Tel: (925) 999-8200
Fax: (925) 884-1725

Eric P. Knowles, Esq. (*admitted pro hac vice*)
EKnowles@frierlevitt.com
Paul S. St. Marie, Jr., Esq. (*admitted pro hac vice*)
PStMarie@frierlevitt.com
**Frier Levitt, LLC**
84 Bloomfield Avenue,
Pine Brook, NJ 07058
Tel.: (973) 852-1872
Fax (973) 618-0650

Attorneys for Defendant, Medvidi, Inc.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHET MICHAEL WILSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MEDVIDI INC<br><br>Defendant. | Case No. 5:25-cv-03996-BLF |

Counsel for Plaintiff Chet Michael Wilson and counsel for Defendant Medividi Inc met and conferred on **September 26, 2025**, pursuant to Federal Rule of Civil Procedure 26(f), Civil Local Rule 16-9, the Standing Order for All Judges of the Northern District of California: Contents of

Joint Case Management Statement, and the Court's standing order. They hereby respectfully submit this Joint Case Management Statement and [Proposed] Order.

## 1.    **Jurisdiction and Service**

This Court has federal-question subject-matter jurisdiction over Plaintiff's claims, which are brought under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.  Venue is proper.

## 2.    **Facts**

Plaintiff's Statement

Despite registering his number on the National Do Not Call Registry, Plaintiff Chet Michael Wilson received multiple unsolicited Medvidi telemarketing text messages in 2022 and again in 2024. He had previously replied "STOP" and received confirmation, but Medvidi continued sending marketing messages promoting its telehealth services. Plaintiff alleges the messages caused invasion of privacy, wasted time, and annoyance. Plaintiff never gave permission, never requested information, and the texts were intended for someone else.

Defendant attempts to cast aspersions by labeling Mr. Wilson a "serial TCPA plaintiff." That rhetoric is irrelevant and legally immaterial. Courts have repeatedly held that frequent invocation of one's rights under the TCPA does not diminish those rights. To the contrary, the statute is designed to allow consumers—whether harmed once or multiple times—to hold telemarketers accountable for repeated unlawful conduct. See *Krakauer v. Dish Network, LLC*, 925 F.3d 643, 658 (4th Cir. 2019) (noting that "the TCPA envisions consumers acting as private attorneys general" and that repeat plaintiffs are a predictable feature of private enforcement).

What matters is not how many times Mr. Wilson has exercised his statutory rights in other cases, but whether Medvidi violated the TCPA here. The allegations are straightforward: despite Mr. Wilson's number being registered on the National Do Not Call Registry and his explicit "STOP" requests, Medvidi continued to send telemarketing texts promoting its services. That is precisely the type of conduct the TCPA prohibits.

Defendant's speculation that Mr. Wilson or his "agent" consented is unsupported. Mr. Wilson never provided his information to Medvidi, never authorized anyone else to do so, and affirmatively revoked any claimed consent by replying "STOP." Likewise, Defendant's insinuation that Mr. Wilson's number was "used as a commercial telephone line" is contrary to fact: the number is his personal, residential cell number. The Defendant's assertion that the Plaintiff is likely engaged in fraud because he's received so many unlawful messages is particularly curious here considering he made explicit "STOP" requests to the Defendant, who continued to contact him.

In short, Defendant's effort to deflect with ad hominem characterizations is misplaced. The case should turn on the evidence of whether Medvidi's telemarketing texts violated the TCPA, not on personal attacks against the consumer enforcing his statutory rights under a statute that envisions exactly that.

<u>Defendant's Statement</u>

Chet Michael Wilson, a serial TCPA plaintiff, alleges that text messages received from telephones numbers that fail to identify Medvidi by name did, in fact, come from Medvidi in violation of the TCPA. Defendant alleges that Plaintiff (or Plaintiff's agent) authorized Medvidi to send communications to the telephone number in question and Defendant, on information and belief, alleges that the Plaintiff's telephone number was not used solely as a residential telephone number and, in fact, has been used as a commercial telephone line which would preclude any liability under the TCPA.

Contrary to Plaintiff's contention that Chet Michael Wilson's robust history of filing (and prematurely settling) class actions filed under the TCPA is irrelevant to this matter, courts frequently consider whether a plaintiff's conduct, such as the filing of dozens of TCPA class actions in a short time frame, supports an inference of fraud through a plaintiff's manufacturing of illegitimate TCPA claims to induce settlement by otherwise innocent actors. *See, e.g.*, *Human v. Fisher Investments,* 2025 WL 2614039 (E.D. Miss Sept. 10, 2025).

- 3 -

### 3. __Legal Issues__

Plaintiff's Statement

The primary legal issues are expected to include some or all of the following:

      (a)      Were the calls made to residential telephone numbers?

      (b)      Had the called parties provided prior express written consent?

      (c)      Were Defendant's violations of the TCPA knowing or willful?

      (d)      Should Defendant be enjoined?

      (e)      Should class certification be granted?

Defendant's Statement

      (a) Has Plaintiff ever used his telephone number in a commercial capacity?

      (b) Did Plaintiff consent to receive text messages from Defendant?

      (c) Does the Proposed Class contain a sufficient number of potential plaintiffs to satisfy the numerosity requirement?

      (d) Are there questions of law or facts common to all alleged class members?

      (e) Is Chet Michael Wilson an inadequate Plaintiff that is incapable of protecting the interests of the class in light of his litigation history?

      (f) Does Chet Michael Wilson's pattern of litigation whereby the Plaintiff routinely settles any filed class actions under the TCPA prior to any determination on a motion to certify the proposed class preclude the Court from certifying the class in this matter?

      (g) Did any of the putative class members provide consent to receive telephonic communications from Medvidi?

      (h) Does any assessment into whether the putative class members provided consent to receive telephonic communications from Medvidi constitute any individualized inquiry into the putative class members?

The primary legal issues in this case are:

### 4. __Motions__

CASE MANAGEMENT STATEMENT
*Wilson v. Medvidi Inc*, Civil Action No, 25-cv-3996

Plaintiff's Statement

After receiving sufficient discovery, Plaintiff intends to file a motion for class

certification and may file a motion for summary judgment or partial summary judgment

regarding liability and damages.  Depending on how discovery proceeds, Plaintiff may file

motions to resolve discovery disputes, motions *in limine*, and expert motions.

Defendant's Statement

 As soon as practical during discovery, Defendant intends to file a motion for summary

judgment or partial summary judgment regarding liability and whether Defendant intentionally

or knowing violated any provision of the TCPA. Additionally, Defendant may file motions to

resolve discovery disputes, motions *in limine*, and expert motions.

**5.**    **Amendment of Pleadings**

The parties propose January 7, 2026, as the deadline to join parties or amend pleadings so

long as leave to amend is obtained from the Court prior to filing any proposed amended

pleadings.

**6.**    **Evidence Preservation**

The parties certify that their counsel have reviewed the Guidelines Relating to the

Discovery of Electronically Stored Information ("ESI Guidelines") and confirm that they have

met and conferred pursuant to Federal Rule of Civil Procedure 26(f) regarding reasonable and

proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this

action. Counsel have instructed the parties to preserve logs of calls between any of Defendant

(on the one hand) and any proposed class member (on the other hand).

**7.**    **Disclosures**

The parties agreed to make their initial disclosures by the date in the table below.

**8.**    **Discovery**

a.    Discovery Taken to Date

CASE MANAGEMENT STATEMENT
*Wilson v. Medvidi Inc*, Civil Action No, 25-cv-3996

1    Plaintiff propounded discovery requests to the Defendant following the conference.
2    Defendant will propound discovery requests to the Plaintiff following the filing of this Case
3    Management Statement.

4    The Parties Agree that the deadline for Defendant to respond to Plaintiff's First Set of
5    Requests for Production and Plaintiff's First Set of Interrogatories shall be due thirty days after
6    the filing of Plaintiff's Second Amended Complaint.

7            b.    <u>Scope of Anticipated Discovery</u>

8    <u>Plaintiff's Statement</u>

9    Plaintiff anticipates that the focus of discovery will include:

10        (a)    electronic data regarding the calls at issue;

11        (b)    electronic data tracking any alleged consents to receive calls, including the
12               logs of any servers that obtained any purported consent;

13        (c)    electronic data regarding any alleged website visits that the Defendant
14               asserts is the basis for the calls;

15        (d)    contracts, invoices, and other documents relating to the relationships
16               between the Defendant and its telemarketing vendors and customers;

17        (e)    Defendant's policies and procedures (if any) concerning TCPA
18               compliance;

19        (f)    complaints relating to telemarketing made to or about Defendant, and
20               Defendant's responses thereto;

21        (g)    email and other communications related to the allegations of this case.

22

23    <u>Defendant's Statement</u>

24    Defendant anticipates that the focus of discovery will include:

25        (a)    <u>documents indicating that Plaintiff utilizes TCPA litigation as a means to</u>
26               <u>operate as a "professional plaintiff";</u>

27

28

      (b) <u>documents indicating the date plaintiff obtained the telephone number in question;</u>

      (c) <u>documents indicating that individuals or organizations other than Plaintiff maintain direction or control over the telephone number in questions;</u>

      (d) <u>documents indicating that the telephone number in questions was used for commercial purposes;</u>

      (e) <u>documents sent or received in discovery during the course of plaintiff's other TCPA class action lawsuits;</u>

      (f) <u>email and other communications related to the allegations of this case.</u>

      c.    <u>Limitations or Modifications of Discovery Rules</u>

The Parties agree that they will serve and accept service of discovery requests and responses electronically.

      d.    <u>Proposed Discovery Plan</u>

The parties propose the schedule set forth in the table below.

      e.    <u>Identified Discovery Disputes</u>

No discovery has yet come due. The parties agree generally to meet and confer as to any future discovery disputes in order to try to narrow the scope of their disagreement and reduce the need for judicial intervention.

      f.    Protective Order

The Parties expect to file a Protective Order in this matter. Specifically, the Parties anticipate using either the N.D. Cal. Model Protective Order for Highly Sensitive Confidential Information or the Stipulated Protective Order for Standard Litigation with some modifications to the language to protect medical information as necessary. The Parties agree to discuss the specifics of the proposed Protective Order prior to the submission of the Order for approval by the Court.

**9.   Class Actions**

The Parties propose the deadline for class certification in the table below.

All attorneys of record for the parties have reviewed the Procedural Guidance for Class Action Settlements.

**10.    Related Cases**

The Parties are aware of no related cases.


**11.    Relief**

Plaintiff's Statement

Plaintiff seeks all of the relief prayed for in the complaint, including an injunction barring Defendant from further unlawful telemarketing.  Plaintiff seeks statutory damages of $1,500 per knowing or willful violation and $500 per other violation of the TCPA.  *See* 47 U.S.C. § 227(c)(5).

Defendant's Statement

Defendant seeks relief in the form of judgment in favor of the Defendant on this issue of TCPA liability. Furthermore, Defendant intends to seek all costs and attorneys' fees available at law should Defendant demonstrate that this lawsuit was brought under false or fraudulent pretenses.

**12.    Settlement and ADR**

The Parties have not yet engaged in ADR.  The parties propose that they engage in private mediation.

**13.    Consent to Magistrate Judge for All Purposes**

The parties have not consented to proceed before a magistrate judge.

**14.    Other References**

The Parties do not believe the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

The Parties are also negotiating the entry of a Stipulated Protective Order based substantially on the Model Stipulated Protective Order for this Court.

**15.    Narrowing of Issues**

Neither Plaintiff nor Defendant believes a narrowing of this issue is practical at this time.

**16.    Expedited Trial Procedure**

The parties do not believe that this matter is appropriate for the Expedited Trial Procedure of General Order No. 64 Attachment A.

**17.    Trial**

The parties anticipate that trial will last 3-5 days.

**18.    Disclosure of Non-party Interested Entities or Persons**

The parties have filed their Certifications of Interested Entities or Persons.

**19.    Professional Conduct**

All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**20.    Proposed Dates**

| Event | Deadline |
|---|---|
| Initial Disclosures | November 13, 2025 |
| Joinder or Amend Pleadings | January 7, 2026 |
| Initial Expert Disclosures | April 3, 2026 |
| Rebuttal Expert Disclosures | May 5, 2026 |
| Expert Discovery Cutoff | May 26, 2026 |
| Fact Discovery Cutoff | May 26, 2026 |
| Private Mediation | May 12, 2026 |
| Class Certification Motion | June 26, 2026 |
| Summary Judgment Motions | July 12, 2026 |

**21.    Other Matters**

The Parties do not believe that there are other matters to discuss at this time.

- 9 -

**CLASS ACTION INFORMATION REQUIRED BY CIVIL LOCAL RULE 16-9(b)**

1.    **Specific Paragraphs of Federal Rule of Civil Procedure 23**

Plaintiff's Statement

This action meets the prerequisites of Federal Rule of Civil Procedure 23(a), (b)(2), and (b)(3).

Defendant's Statement

This action does not meet the prerequisites of Federal Rule of Civil Procedure 23(a), (b)(2), and (b)(3). At a minimum, Plaintiff will not fairly and adequately protect the interests of the class.

2.    **Description of Classes**

The Plaintiff intends to pursue the following class:

> **National DNC Class:** All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call from or on behalf of Defendant promoting MEDVidi's goods or services, (3) within a 12-month period (4) at any time in the period that begins four years before the date of filing this Complaint to trial.

> **Internal Do Not Call Class:** All persons within the United States to whom: (1) Defendant (or a third-party acting on behalf of Defendant) (2) but who received more than one telemarketing call from or on behalf of Defendant promoting MEDVidi's goods or services, (3) who were not current customers of the Defendant at the time of the calls, (4) who had previously asked for the calls to stop and (5) within the four years prior to the filing of the Complaint.

3.    **Facts Showing Plaintiff Is Entitled to Maintain the Action under Federal Rule of Civil Procedure 23(a) and (b)**

Plaintiff's Statement

*Fed R. Civ. P. 23(a)(1), Numerosity*

The Class is so numerous that joinder of all its members is impracticable as telemarketing campaigns are typically conducted *en masse*. Indeed, here the Defendant used automated calling

1    and texting, which only makes financial sense to do *en masse*

2        *Fed R. Civ. P. 23(a)(2), Commonality*

3        Due in part to the automated, routinized nature of Defendant's telemarketing, outcome-

4    determinative questions of fact and law have the same answers for all members of a given class.

5    These questions include but are not limited to the following:

6            a.      Were the calls to residential telephone numbers?

7            b.      Were the calls sent to numbers on the National Do Not Call Registry?

8            c.      Were the calls to the class member necessitated by an emergency?

9            d.      Had the class member provided prior express written consent before being

10   called?

11           e.      What is the minimum statutory damages per violation the class member is

12   entitled to?

13           f.      How much in statutory damages per violation should the Court award the

14   class member?

15           g.      Should Defendant be enjoined?

16       *Fed R. Civ. P. 23(a)(3), Typicality*

17       Also due in part to the automated, routinized nature of Defendant's telemarketing,

18   Plaintiff's claims are typical of those of the classes.  They arise from the same course of conduct

19   as fellow class members' and seek redress based on the same legal and equitable remedies as

20   fellow class members.'

21       *Fed R. Civ. P. 23(a)(4), Adequacy*

22       Chet Michael Wilson is an adequate class representative, has no conflict with the

23   proposed class, and is committed to seeing this matter through to a remedy for all class members.

24       Plaintiff's counsel have litigated TCPA class actions in the Northern District, been

25   appointed as class counsel in the Northern District, and across the country, reaching classwide

26   settlements in dozens of cases.

27

28

CASE MANAGEMENT STATEMENT
*Wilson v. Medvidi Inc*, Civil Action No, 25-cv-3996

*Fed. R. Civ. P. 23(b)(2), Applicability*

For several of the same reasons that commonality is satisfied, Defendant has acted on grounds generally applicable to the entire classes, so that a permanent injunction for the benefit of the entire classes is appropriate. That injunction—or lack thereof—will, as a practical matter, apply classwide.

*Fed. R. Civ. P. 23(b)(3), Predominance*

For several of the same reasons that commonality is satisfied, predominance is satisfied.

*Fed. R. Civ. P. 23(b)(3), Superiority*

"The statutory damages provided by the TCPA are not sufficient to compensate the average consumer for the time and effort that would be involved in bringing a small claims action against a national corporation." *Meyer v. Bebe Stores, Inc.*, No. 14-CV-00267-YGR, 2016 U.S. Dist. LEXIS 188999, at *29 (N.D. Cal. Aug. 22, 2016) (quotation marks omitted) (collecting cases).

In a prior version of this report, the Defendant made a similar statement that Mr. Wilson has filed over 100 cases under the TCPA. That statement is not true. Furthermore, their assertion that Mr. Wilson has resolved cases with "otherwise innocent defendants to the detriment of all other potential class members" is peculiar since the Defendant in this lawsuit has tried to resolve with Mr. Wilson, who has rejected their "pick off" overture.

<u>Defendant's Statement</u>

*Fed R. Civ. P. 23(a)(1), Numerosity*

Plaintiff has not provided evidence that there are any individuals, other than Plaintiff, that are members of the proposed class. It is impossible at this time for Plaintiff to suggest that a class is so numerous as to warrant class certification.

*Fed R. Civ. P. 23(a)(2), Commonality*

Plaintiff has not provided evidence to suggest that Defendant engages in "automated, routinized…telemarketing" and where Plaintiff has not provided evidence that additional class

members exists, there is no support that "outcome-determinative questions of fact and law have the same answers for all members of a given class."

*Fed R. Civ. P. 23(a)(3), Typicality*

As Plaintiff has not provided evidence to support its claim that additional class members exists, Plaintiff is premature in asserting that any potential additional claims under the TCPA against Medvidi would support a finding that Plaintiff's claims are "typical" of those unidentified class members.

*Fed R. Civ. P. 23(a)(4), Adequacy*

Chet Michael Wilson is not an adequate class representative. Plaintiff filed more than 50 nation-wide TCPA class actions, several of which having settled well-before any motion to certify the proposed class, demonstrates that this particular Plaintiff is not interested in protected the rights of those similarly situated and instead demonstrates Plaintiff's abuse of the class action lawsuit to drive settlement from otherwise innocent defendants to the detriment of all other potential class members.

*Fed. R. Civ. P. 23(b)(2), Applicability*

For several of the same reasons that commonality is not satisfied, Plaintiff has not provided any evidence that any conduct by Defendant would be applicable to the wholly unidentified members of the proposed class.

*Fed. R. Civ. P. 23(b)(3), Predominance*

For several of the same reasons that commonality is not satisfied, predominance is not satisfied.

*Fed. R. Civ. P. 23(b)(3), Superiority*

Defendant agrees with Plaintiff that, should evidence demonstrate that the proposed class indeed exists, that the interests of individuals harmed by the TCPA is best served through class action litigation.

CASE MANAGEMENT STATEMENT
*Wilson v. Medvidi Inc*, Civil Action No, 25-cv-3996

**4.      Proposed Date**

Plaintiff proposes that the motion for class certification be filed by the date in the table above.

<b><u>SIGNATURE ATTESTATION</u></b>

The CM/ECF user filing this paper attests that concurrence in its filing has been obtained from the other signatories.

RESPECTFULLY SUBMITTED AND DATED this October 16, 2025

By:

*/s/ Anthony I. Paronich*
Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
[o] (617) 485-0018
[f] (508) 318-8100
anthony@paronichlaw.com

By: */s/ Eric P. Knowles, Esq.*

Eric P. Knowles, Esq. (*admitted pro hac vice*)
Paul S. St. Marie, Jr. (*admitted pro hac vice*)
**FRIER LEVITT, LLC**
84 Bloomfield Avenue
Pine Brook, NJ 07058
Tel. (973) 618-1660
Fax (973) 618-0650

Young Choi (SBN: 230645)
yc@dmcounsel.com
**Dental & Medical Counsel, P.C.**
1904 Olympic Blvd., Suite 240
Walnut Creek, CA 94596
Tel: (925) 999-8200
Fax: (925) 884-1725