Young Choi (SBN: 230645)
yc@dmcounsel.com
**Dental & Medical Counsel, P.C.**
1904 Olympic Blvd., Suite 240
Walnut Creek, CA 94596
Tel: (925) 999-8200
Fax: (925) 884-1725

Eric P. Knowles, Esq. (*pro hac vice* forthcoming)
EKnowles@frierlevitt.com
Paul S. St. Marie, Jr. (*pro hac vice* forthcoming)
PStmarie@frierlevitt.com
**Frier Levitt, LLC**
84 Bloomfield Avenue,
Pine Brook, NJ 07058
Tel.: (973) 852-1872
Fax (973) 618-0650

Attorneys for Defendant, Medvidi, Inc.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHET MICHAEL WILSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MEDVIDI INC.,<br><br>Defendant. | CASE No. 5:25-cv-03996-BLF<br><br>**DEFENDANT'S NOTICE OF MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>Date: January 22, 2025<br>Time: 9:00 a.m.<br>Courtroom 1, Fifth Floor<br>Hon. Beth Labson Freeman |

PLEASE TAKE NOTICE that on January 22, 2025, at 9:00 a.m., before Judge Beth Labson Freeman, the Defendant will move to dismiss Plaintiff's Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), and for the reasons more fully set forth in Defendant's accompanying Memorandum of Law in Support of Defendant's Motion to Dismiss the Second Amended Complaint. Specifically, Defendant will seek dismissal of

1    Counts I and II for alleged violations of Section 227(c)(5) of the Telephone Consumer

2    Protection Act.

3                                    Respectfully Submitted,
4                                    */s/ Young Choi*
                                     Young Choi (SBN: 230645)
5                                    yc@dmcounsel.com
6                                    **Dental & Medical Counsel, P.C.**
                                     1904 Olympic Blvd., Suite 240
7                                    Walnut Creek, CA 94596
                                     Tel: (925) 999-8200
8                                    Fax: (925) 884-1725

9
                                     **FRIER LEVITT, LLC**
10                                   Eric P. Knowles, Esq. (admitted *pro hac vice*)
                                     Paul S. St. Marie, Jr. (admitted *pro hac vice*)
11                                   **FRIER LEVITT, LLC**
12                                   84 Bloomfield Avenue
                                     Pine Brook, NJ 07058
13                                   Tel. (973) 618-1660
                                     Fax (973) 618-0650
14

15   Dated: October 30, 2025          Attorneys for Defendant, Medvidi, Inc.
16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT**
2

Young Choi (SBN: 230645)
yc@dmcounsel.com
**Dental & Medical Counsel, P.C.**
1904 Olympic Blvd., Suite 240
Walnut Creek, CA 94596
Tel: (925) 999-8200
Fax: (925) 884-1725

Eric P. Knowles, Esq. (*pro hac vice* forthcoming)
EKnowles@frierlevitt.com
Paul S. St. Marie, Jr. (*pro hac vice* forthcoming)
PStmarie@frierlevitt.com
**Frier Levitt, LLC**
84 Bloomfield Avenue,
Pine Brook, NJ 07058
Tel.: (973) 852-1872
Fax (973) 618-0650

Attorneys for Defendant, Medvidi, Inc.

## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHET MICHAEL WILSON, individually and on behalf of all others similarly situation,<br><br>            Plaintiff,<br><br>    v.<br><br>MEDVIDI INC.,<br><br>            Defendant. | CASE No. 5:25-cv-03996-BLF |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO FED. R. CIV. P. 12(B)(6)**

# **TABLE OF CONTENTS**

TABLE OF CONTENTS.................................................................................................. i

TABLE OF AUTHORITIES .......................................................................................... ii

I.     PRELIMINARY STATEMENT ....................................................................... 1

II.    FACTUAL BACKGROUND............................................................................. 3

III.   LEGAL STANDARDS ..................................................................................... 7

  A.  Federal Rule of Civil Procedure 12(b)(6) ................................................. 7

  B.  Telephone Consumer Protection Act of 1991 (47 US.C. § 227) .............. 8

IV.    THE SECOND AMENDED COMPLAINT FAILS TO STATE A CLAIM........ 10

V.   CONCLUSION................................................................................................. 15

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ......................................................................................... 8

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ......................................................................................... 8

*Meyer v. Portfolio Recovery Assocs.*, LLC,
    707 F.3d 1036 (9th Cir. 2012). ....................................................................... 9

*Gilligan v. Jamco Dev. Corp.*,
    108 F.3d 246 (9th Cir. 1997) .......................................................................... 7

*Gomez v. Campbell-Ewald Co.*,
    768 F.3d 871 (9th Cir. 2014), *aff'd*, 577 U.S. 153 (2016), as revised (Feb. 9,2016) ....... 9-10

*Guapo-Villegas v. City of Soledad*,
    2025 U.S. Dist. LEXIS 75046 (N.D. Cal. Apr. 18 2025) ................................ 15

*Hartranft v. TVI, Inc.*,
    2017 U.S. Dist. LEXIS 231973 (C.D. Cal. Mar. 9, 2017) ............................... 9

*Meyer v. Portfolio Recovery Assocs.*, LLC,
    707 F.3d 1036 (9th Cir. 2012) ...................................................................... 8-9

*Skilstaf, Inc. v. CVS Caremark Corp.*,
    669 F.3d 1005 (9th Cir. 2012) ........................................................................ 8

*Thomas v. Taco Bell Corp.*,
    582 F. App'x 678 (9th Cir. 2014) ................................................................... 10

**Statutes**

47 U.S.C. § 227 ................................................................................................ 3

47 U.S.C. § 227(c)(5) .................................................................................. 1, 3, 8

**Rules**

Fed. R. Civ. P. 12(b)(6) ............................................................................... 1, 3, 7

**DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT**

Fed. R. Civ. P. 8(a)(2) ................................................................................................................ 7

**Regulations**

47 C.F.R. § 64.1200(c) ................................................................................................................ 3

47 C.F.R. § 64.1200(d). ............................................................................................................. 3

47 C.F.R. § 64.1200(c)(2) .......................................................................................................... 1

Defendant, Medvidi, Inc. ("Medvidi" or "Defendant") submits this Memorandum of Law in support of its Motion to Dismiss for Failure to State a Claim pursuant to Fed. R. Civ. P. 12(b)(6) ("Motion") seeking an Order from this Court dismissing Plaintiff, Chet Michael Wilson's Second Amended Complaint ("SAC") in its entirety with prejudice. In the alternative, the Court should dismiss any claim predicated on alleged text communications purportedly sent by Medvidi after 2022.

## I.     PRELIMINARY STATEMENT

The SAC ("Dkt. 30") should be dismissed in its entirety because it fails to state a claim for relief against Medvidi for violations of the Telephone Consumer Protection Act of 1991 ("TCPA"). *See* 47 U.S.C. § 227(c)(5); *see also* 47 C.F.R. § 64.1200(c)(2). Despite multiple opportunities to plead a viable claim, Plaintiff's amended allegations continue to be wholly conclusory and lack the factual specificity required to survive a motion to dismiss. Plaintiff's pleading deficiencies do not appear to be inadvertent omissions, in fact, they are quite the opposite where they underscore the absence of a reasonable pre-suit investigation into the allegations contained in the SAC and the failure to marshal facts that would plausibly connect Medvidi to any actionable telephone solicitation.  Given the SAC's facial insufficiency, the lack of any newly alleged, non-conclusory facts establishing the essential elements of a TCPA Do-Not-Call claim, and Plaintiff's demonstrated inability to plead a plausible claim after multiple attempts, further amendment would be futile. Thus, the SAC, like its predecessors, fails to state a claim in which relief may be granted.

As set forth herein, the SAC is nothing more than an attempt to manufacture a class action against Defendant based on, at best, *de minimis* violations of the TCPA and should be dismissed. The SAC fails to allege any facts supporting the basis under which this Court

**DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT**
1

initially granted Plaintiff leave to amend the initial Complaint. Specifically, Plaintiff has not provided any support to his claim that the embedded links in the text messages are attributable to Plaintiff. Plaintiff still has not alleged facts sufficient to show either of the two accused phone numbers are operated or controlled by Defendant. These defects are dispositive. Absent factual allegations tying Defendant to the challenged messages or linking the embedded content to Defendant, the SAC offers only speculation. The SAC therefore fails to satisfy basic pleading requirements and does not state a plausible claim against Defendant under any theory.

Furthermore, Plaintiff has not adequately alleged that the purported text messages were directly attributable to Defendant. Simply stated, the SAC amounts to baseless accusations against Medvidi that fail to demonstrate that the accused messages either came from or were authorized to be sent by Medvidi. Each text message is clearly meant to be received by someone other than Plaintiff as evidenced by the Plaintiff's telephone number having been registered in Defendant's system as an authorized point of contact. *See* SAC ¶¶ 26-27. The two sets of text conversations at issue also occurred 33-months apart and come from two different telephone numbers without a single allegation from Plaintiff that Medvidi controls either number. Instead, Plaintiff sought to cure the deficiencies present in the initial Complaint by falsely claiming that the hyperlinks in the two sets of text messages are directed to a webpage operated by Defendant – they are not. *See* Declaration of Paul S. St. Marie ("St. Marie Decl.") at ¶¶ 4-6. Furthermore, evidence that Plaintiff is simply suing the wrong entity may be gleaned from Plaintiff's First Amended Complaint ("FAC"), which contains several allegations of continued contact by Defendant after this action was first filed with the Court. Yet despite claiming that the links embedded in those messages belong to Medvidi, the links Plaintiff cited in the FAC demonstrate the exact opposite. *See* St. Marie Decl. at ¶¶ 7-11. Specifically, the

links identify a wholly different entity with a confusingly similar name to Medvidi that engages in a similar type of business (i.e. telehealth services and GLP-1 prescriptions). *Id.* Critically, none of Plaintiff's allegations, amended or otherwise, demonstrate that Medvidi sent unauthorized text messages to Plaintiff in contravention of the TCPA.

For all the reasons stated above and herein, this Court should grant Defendant Medvidi's Motion to Dismiss Plaintiff's Second Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) as the Complaint remains devoid of any plausible violation of the TCPA by Defendant.

## II.    **FACTUAL BACKGROUND**

On May 7, 2025, Plaintiff filed its initial class action complaint against Medvidi alleging violations of the TCPA. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). Specifically, the two-count Complaint claims that Medvidi violated the TCPA: (1) for making telemarking calls to numbers on the National Do Not Call Registry; and (2) for making telemarking calls to a "proposed nationwide class of other persons who received illegal telemarketing calls from or on behalf of Defendant." *See* SAC ¶¶ 3-4. Both causes of action specifically invoke the private cause of action authorized under the TCPA under Section 227(c)(5) and two of its implementing regulation at 47 C.F.R. § 64.1200(c) and 64.1200(d). *See, e.g.*, SAC ¶¶ 43-44.

The Complaint alleges that after registering his telephone number on the National Do Not Call Registry, Plaintiff—having telephone number (541) XXX-9999—received unauthorized and unsolicited text messages that Plaintiff claims to be from Defendant. *See* SAC ¶¶ 16-27. Plaintiff concedes, however, that whomever sent the alleged unauthorized text messages clearly intended to contact someone other than Plaintiff. *Id.*, ¶ 19.

The text messages submitted by Plaintiff in support of its allegations encompass two separate text conversations with the first occurring in February 2022 and the second occurring between October 2024 and December 2024. *See* SAC ¶ 24. These two distinct message threads were initiated by two different telephone numbers where the 2022 messages, sent from a (415) number, sought to contact someone named "Riki" while the 2024 messages, from an (833) area code, sought to contact a "Keri". Neither text chain identifies Medvidi by name. *Id.* In total, Plaintiff alleges 12 text messages between these two exchanges, with Plaintiff receiving 3 messages during the 2022 exchange and 9 messages during the 2024 exchange. *Id.*

Defendant previously moved to dismiss the initial Complaint for failure to state a claim (Dkt. 14), which the Court granted without prejudice in its Order dated October 7, 2025. *See* Dkt. 28 ("Order"). Specifically, this Court stated that the initial Complaint contained "no discussion, for example, of any investigation Plaintiff conducted to form the understanding that Defendant operated the separate phone numbers from which these messages were sent." Dkt. 28 at 7. In giving Plaintiff leave to amend, the Court noted that "additional factual allegations concerning the circumstances in which the text messages were sent and the identities of any third parties may be sufficient to state a claim for relief under TCPA." *See* Dkt. 28 at 7.

Since this Court's Order, Plaintiff filed a FAC and the SAC. While not the subject of the instant motion, Plaintiff's FAC sheds light on why Plaintiff's SAC should be dismissed. Specifically, the FAC demonstrates that Plaintiff simply misidentified Medvidi as the party responsible for the alleged text messages. For example, the FAC sought to add a host of allegations regarding subsequent text messages received by Plaintiff between July 2025 and today. *See* FAC ¶¶ 28-37. However, when traveling to the websites associated with the

**DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT**
4

hyperlinks identified in Paragraphs 29-33 of the FAC, four of the five hyperlinks are no longer active with one those four links being associated with "medvi.org" while the fifth hyperlink remained active and, when clicked, directed the user to "medvi.org" – not medvidi.com. *See* St. Marie Decl." ¶¶ 7-11.

Plaintiff's SAC, however, retracted nearly all of the new allegations previously plead for the first time in the FAC, resulting in Plaintiff's new allegations in the SAC being limited to Paragraphs 25–27 when compared against the initial Complaint. Critically, these three limited allegations fail to supply the additional factual matter this Court expressly directed Plaintiff to allege in its prior Order—namely, factual allegations concerning the circumstances under which the text messages were sent and the identities of any third parties involved. Instead, the SAC again offers only limited, baseless conjecture that Plaintiff clicked the links embedded in the text messages and confirmed that each and every hyperlink belonged to Defendant. *See* SAC ¶ 25.

It cannot be the case that Plaintiff adequately pled that the embedded hyperlinks are owned or controlled by Defendant where several of the hyperlinks are no longer active and do not "lead to the Medvidi website" as Plaintiff alleged. *See* St. Marie Decl. ¶ 4-6; *see also* SAC ¶ 25. Without context to identify when, where, and by whom these links were accessed, alleging that inactive links are operated by Defendant is speculative at best. Plaintiff also fails to provide screen shots of the websites associated with the hyperlinks, allegations of the approximate date on which the links were accessed, allegations that Plaintiff tried and failed to access the links using the WayBack machine, and other allegations plausibly stating that Medvidi exercises ownership over at least one of the telephone numbers associated with the alleged improper communications (let alone both telephone numbers). These allegations fail

to follow this Court's guidance as laid out in the Order and, consequently, should result in Plaintiff's barebones lawsuit being dismissed by this Court.

Other than broadly asserting the embedded hyperlinks belong to Defendant without single claim that the presently inactive links were accessed by Plaintiff prior to their going inactive, Plaintiff's only other new allegation claims that Defendant admitted to violating the TCPA in an email conversation occurring in February 2025. Plaintiff alleged that Defendant's employee, Oleg Gorbylev, acknowledged that Plaintiff's telephone number was in Defendant's system under another individual's name and that Defendant previously sent text messages to that number as the patient who provided Defendant with the telephone number in question expressly consented to receive such communications. However, Plaintiff again fails to attach to the SAC any documentation corroborating this email conversation. Worse still, Plaintiff's allegation that Defendant's employee effectively confessed to violating the TCPA is unsupported by the allegations. First, Plaintiff's allegations do not indicate from which of the two possible telephone numbers Defendant allegedly contacted Plaintiff's telephone number. Second, Plaintiff does not indicate whether Mr. Gorbylev provided a list of dates that Defendant may have texted Plaintiff's telephone number such that the statement by Defendant's employee would be sufficient, on its own, to demonstrate that at least one of the text conversations identified in the SAC originated from Medvidi. And third, even if Mr. Gorbylev's statement was credited as an admission, the SAC still falls short of establishing a critical element of Plaintiff's claim—namely, that the challenged text messages were sent at a time when Plaintiff owned and used the number as a residential telephone line. Absent nonconclusory factual allegations tying Medvidi to the specific messages during the relevant ownership period, the complaint does not state a plausible claim for relief.

**DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT**

In short, despite multiple opportunities to amend its Complaint, Plaintiff has yet to allege factual information sufficient to plausibly state a claim against Medvidi under the TCPA based on the collection of text messages identified in Paragraph 24 of the SAC. The operative SAC either recycles allegations that should be directed at a different entity altogether (namely, Medvi LLC) or rephrases the same conclusory theory of liability as outlined in the previously dismissed initial Complaint by claiming that inactive hyperlinks embedded in the text messages "lead to the Medvidi website, which supports that the Defendant itself sent the text messages." *See, e.g.*, SAC ¶ 25. Such conjecture does not connect Medvidi to the text messages with the requisite specificity and, as conclusory assertions, is not entitled to the presumption of truth.

Defendant presently files this Motion to Dismiss Plaintiff's Second Amended Complaint as, even when viewed in the light most favorable to the Plaintiff, the factual allegations from the Complaint again fail do not plausibly allege that Defendant violated the TCPA. Accordingly, where Plaintiff has failed to adequately plead a claim for relief on multiple occasions, the Second Amended Complaint should be dismissed with prejudice.

## III.    LEGAL STANDARDS

### A.    FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of a plaintiff's claims. The issue on a motion to dismiss for failure to state a claim is not whether the plaintiff will ultimately prevail but whether the plaintiff is entitled to offer evidence to support the claims asserted. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

When evaluating a Rule 12(b)(6) motion, the district court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1014 (9th Cir. 2012). However, a plaintiff cannot survive a motion to dismiss if the complaint fails to contain sufficient factual material to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

### B.   TELEPHONE CONSUMER PROTECTION ACT OF 1991 (47 US.C. § 227)

The TCPA authorizes a private right of action for violations of the Act under 47 U.S.C. § 277(c)(5). Specifically, § 277(c)(5) states:

> "[a] person who has received more than one ***telephone call*** within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed ***under this subsection*** may, if otherwise permitted by the laws or rules of court of a State bring in an appropriate court of that State…

> …(B) an action to recover for actual monetary loss from such a violation, or to receive up to $500 in damages for each such violation, whichever is greater[.]"

47 U.S.C. § 227(c)(5) (emphasis added).

The United States Circuit Court of Appeals for the Ninth Circuit has articulated the elements required to state a claim under the TCPA. Specifically, a plaintiff must allege that: "[t]he three elements of a TCPA claim are: (1) the defendant called a cellular telephone number; (2) using an automatic telephone dialing system; (3) without the recipient's prior express consent." *Meyer v. Portfolio Recovery Assocs.*, LLC, 707 F.3d 1036, 1043 (9th Cir.

2012). With respect to whether or not the "defendant" was the one who placed the call, both direct and vicariously liability apply.

Direct liability under the TCPA attaches only to those parties who themselves actually made the offending telephone calls or sent the offending text messages. *See Gomez v. Campbell-Ewald Co.*, 768 F.3d 871, 877 (9th Cir. 2014), aff'd, 577 U.S. 153, 136 S. Ct. 663, 193 L. Ed. 2d 571 (2016), as revised (Feb. 9, 2016); *Thomas v. Taco Bell Corp.*, 582 F. App'x 678, 679 (9th Cir. 2014) (affirming district court's determination that direct liability did not apply because "the actual sender of the text" message was not the defendant, but "a separate provider of text-message based services"). Accordingly, to properly plead direct liability under the TCPA, a plaintiff must allege specific facts showing that the defendant personally made, initiated, or sent the challenged calls or messages. Conclusory allegations or assertions that merely recite the elements of a TCPA claim, without factual support demonstrating the defendant's direct involvement, are insufficient to survive a motion to dismiss.

Conversely, "[a] defendant may be held vicariously liable for TCPA violations where the plaintiff establishes an agency relationship . . . between the defendant and a third-party caller." *Gomez*, 768 F.3d at 879. "Agency is the fiduciary relationship that arises when one person (a 'principal') manifests assent to another person (an 'agent') that the agent shall act on the principal's behalf and subject to the principal's control, and the agent manifests assent or otherwise consents so to act." *Hartranft v. TVI, Inc.*, 2017 U.S. Dist. LEXIS 231973, 2017 WL 11249764, at *2 (C.D. Cal. Mar. 9, 2017) (quoting Restatement (Third) Of Agency § 1.01 (2006)). Accordingly, in addition to pleading facts sufficient to plausibly allege the communication is specifically attributable to a third party, the plaintiff must also allege facts

**DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT**
9

sufficient to demonstrate an agency relationship between the defendant and the third-party that made the actual communication.

## IV.    **THE SECOND AMENDED COMPLAINT FAILS TO STATE A CLAIM**

The SAC should be dismissed with prejudice for multiple independent and dispositive reasons. First, factual allegations, exhibits, and correspondence referenced in the pleadings point, at most, to conduct by a third party, not by Medvidi. Plaintiff's theory of liability depends on conflating distinct entities and transactions, and the SAC offers no well-pleaded facts tying Medvidi to the purported misconduct. Plaintiff may have plausible claims against an entirely different entity, but not Medvidi. Because the alleged conduct, if actionable at all, is attributable to an entirely different entity, Plaintiff cannot state a claim against Medvidi as a matter of law. Second, the SAC fails to cure the fundamental pleading defects that warranted dismissal of the initial complaint. Despite multiple opportunities to amend, Plaintiff still has not alleged facts that plausibly establish any actionable conduct by Medvidi, a cognizable legal duty owed by Medvidi to Plaintiff, or a causal link between Medvidi and the alleged harm. The amendments are conclusory and repetitive, not substantive; they repackage the same deficiencies the Court previously identified. Given Plaintiff's inability to plead a viable claim after amendment, further leave would be futile and dismissal should be with prejudice.

The Plaintiff's amended allegations in the SAC fail to address the facial deficiencies identified in the initial Complaint. Direct liability under the TCPA is limited to those actually making the offending communication, and the Complaint does not allege facts showing that Defendant made or initiated the communications at issue. *See Gomez*, 768 F.3d at 877[1]. Here,

---

[1] It appears that Plaintiff has removed all allegations of vicarious liability from its SAC and, as such, Defendant only addresses direct liability in the instant motion. However, to the extent the SAC is construed to allege vicarious liability, it should be clear from the SAC that Plaintiff

the Complaint does not plead sufficient facts to plausibly allege that Defendant was the party directly responsible for sending the alleged improper communications despite Plaintiff having the opportunity to amend its allegations on multiple occasions. For example, despite the Court advising Plaintiff to include allegations related to whatever investigation Plaintiff conducted to form its understanding that each of the two identified telephone numbers were operated by Medvidi, the SAC adds zero new allegations demonstrating any investigation into these claims. For example, the SAC alleges that "[t]he links in these text messages lead to the Medvidi website, which supports that the Defendant itself sent the text messages." *See* SAC ¶ 25. This is wrong. Importantly, the links in the text messages identified in Paragraph 24 of the SAC are no longer active making any claim as to their origin, without more, simply untenable. *See* St. Marie Decl. ¶¶ 4-6. For example, had Plaintiff properly investigated its claims prior to filing suit, a proper investigation into the hyperlinks would have yielded a complaint that was accompanied by screen shots of the website(s), dates when the links were accessed, and/or some assertion that, for inactive links, the Plaintiff utilized the WayBack Machine (or an equivalent internet archive) to determine whether or not access to these hyperlinks was in any way feasible.

The SAC has none of this.  In the absence of any reasonably pled factual allegation to support a claim that it was Medvidi who sent these messages, there cannot be a plausible claim.

Lastly, the Complaint alleges that "[t]hese texts came even after Mr. Wilson had replied 'STOP' in 2022 and had that 'STOP' claim that it was acknowledged and received." However, this allegation fails to account for the significant likelihood that, because the alleged improper

---

makes no assertion that Defendant exercises control over a third-party allegedly making the text message communications to Plaintiff.

**DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT**

communications originated from two distinct telephone numbers, at least one of the phone numbers was operated by an entity other than Defendant – namely, Medvi – such that even if the SAC plausibly pled that Defendant was responsible for the text messages in 2022, there are zero allegations indicating that Defendant subsequently ignored the "STOP" after a period of more than two years. In other words, the SAC does nothing to override the logical conclusion that two text chains coming from two separate numbers are likely attributable to at least two wholly unrelated entities. *See* SAC ¶ 24.

      As such, the Complaint does not credibly allege that the same party was responsible for all of the accused communications, which, at a minimum, renders Plaintiff's claim that Defendant willfully and knowingly violated the TCPA untenable. At worst, Defendant sent three messages to Plaintiff in 2022, but ceased all communication after receipt of Plaintiff's "STOP" message. Thus, Plaintiff's failure to reconcile how messages received from two separate numbers, neither of which identify Medvidi on their face, are somehow both attributable to Medvidi warrants dismissal. Defendant's theory that at least two separate entities are responsible for sending Plaintiff the identified text messages is further supported by the 2022 text chain attempting to contact someone named "Riki" while the 2024 messages are directed to someone named "Kerri." Had both numbers been operated by Medvidi, it is more than probable that messages originating from separate telephone numbers owned by a single entity the same entity would be addressed to a single individual that entered Plaintiff's telephone number into Medvidi's system. Here, however, we have two separate telephone numbers attempting to contact two separate individuals. It stands to reason that two numbers looking for two people originated from two entities. Accordingly, where Plaintiff has not alleged facts sufficient to definitively link Medvidi to at least one of the two distinct telephone

numbers, the Complaint must be construed as failing to allege facts that plausibly plead Medvidi exercises ownership or control over both numbers as well.

Furthermore, evidence of Plaintiff's meager investigation into the viability of his claims against Defendant may be gleaned from the FAC's attempted expansion of Defendant's liability. The FAC wrongfully claimed that "despite the filing of this lawsuit, the Plaintiff has continued to receive more text messages from the Defendant." FAC ¶ 28. Specifically, the FAC alleged that Defendant sent to Plaintiff no less than five additional text message communications between July 8, 2025 and October 10, 2025 that "mirror the pattern of prior unlawful communications Plaintiff [allegedly] received from Medvidi in 2022 and 2024". *Id.* ¶¶ 29-34. Plaintiff went as far as to allege that "[e]ach of the text messages Plaintiff received contained hyperlinks that, when clicked, directed the recipient to webpages…offered through or by Medvidi" and the "webpages reached through these links displayed Medvidi's name, logo, or branding" and offered patients the opportunity to sign up for services offered by Medvidi. *See*, *e.g.*, FAC ¶¶ 35, 37. This position was entirely untrue and was made without conducting any reasonable investigation into whether it was true or not. This failure to investigate whether there was any truth to the assertion that Defendants transmitted five additional text messages to Plaintiff calls into question whether Plaintiff adequately investigated these claims at all prior to filing the initial Complaint.

For example, after receiving the FAC, Defendant researched the five newly identified hyperlinks in the FAC for messages Plaintiff received in 2025 and determined that, contrary to the FAC's allegations, none of the hyperlinks "directed the recipient to webpages…offered through or by Medvidi." *See* SAC ¶ 35. Instead, it is far more likely that each of these five additional messages (as well as the messages identified in Paragraph 24 of the SAC) were

transmitted by an entity known as *MedVi* – not Medvidi. *See* St. Marie Decl. ¶¶ 7-11. For example, four of the five newly identified hyperlinks in the FAC were inactive at the time of the FAC's filing, thereby making any claim that the hyperlinks direct a user to Medvidi's website impossible. *Id.* Equally troubling is that of the four inactive hyperlinks identified in the FAC, one of the hyperlinks specifically identifies the domain name as "medvi.org" – not medvidi.com. *Id.* Even more puzzling is that *the only active hyperlink* embedded in the additional communications identified in the FAC, *when clicked, navigates directly to "medvi.com."* *Id.*

For Plaintiff to claim he investigated whether these links directed a user to Defendant's website when clicked despite the tremendous amount of evidence to the contrary casts doubt on each and every one of Plaintiff's allegations across all three versions of the Complaint filed in this case. And since Plaintiff provides zero insight into what, if any, investigation was actually conducted into whether Defendant was responsible for sending the alleged text messages to Plaintiff, the entirety of Plaintiff's allegations become untrustworthy. If Plaintiff is unable to notice that a hyperlink directing the recipient to "medvi.org" serves to undermine, rather than bolster, Plaintiff's claims against Defendant, then the Court should afford zero weight to any allegation by Plaintiff that a particular hyperlink is owned and/or operated by Defendant where Plaintiff's failure to sufficiently investigate the basis of his claims renders the entirety of the SAC's allegations untrustworthy.

Despite being afforded the opportunity to amend on multiple occasions, Plaintiff failed to demonstrate that: (1) either accused telephone number is owned by Defendant; (2) any of the embedded hyperlinks accompanying the text messages belong to Defendant; and (3) any text message communications allegedly sent by Defendant to Plaintiff's telephone number

coincide with the date and time of any of the accused text messages. For at least these reasons, the SAC must be dismissed in its entirety with prejudice as further opportunities to amend would be futile. *See*, *e.g.*, *Guapo-Villegas v. City of Soledad*, 2025 U.S. Dist. LEXIS 75046, *3 (N.D. Cal. Apr. 18, 2025) (Dismissing claim with prejudice where "Mr. Villegas has already been afforded an opportunity to amend this claim [such that] the Court determine[d]…further amendment would be futile,").

## V.    CONCLUSION

For the foregoing reasons, Defendant, Medvidi, Inc., respectfully requests that the Court grant Medvidi's Motion to Dismiss Plaintiff's Second Amended Complaint for failure to state a claim with prejudice.

**Dental & Medical Counsel, P.C.**

By: */s/ Young Choi*
Young Choi (SBN: 230645)
yc@dmcounsel.com
**Dental & Medical Counsel, P.C.**
1904 Olympic Blvd., Suite 240
Walnut Creek, CA 94596
Tel: (925) 999-8200
Fax: (925) 884-1725


**FRIER LEVITT, LLC**
Eric P. Knowles, Esq. (admitted *pro hac vice*)
Paul S. St. Marie, Jr. (admitted *pro hac vice*)
**FRIER LEVITT, LLC**
84 Bloomfield Avenue
Pine Brook, NJ 07058
Tel. (973) 618-1660
Fax (973) 618-0650

Dated: October 30, 2025                    Attorneys for Defendant, Medvidi, Inc.

**DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT**