|   |   |
|---|---|
| 1 | Young Choi (SBN: 230645) |
|   | yc@dmcounsel.com |
| 2 | **Dental & Medical Counsel, P.C.** |
| 3 | 1904 Olympic Blvd., Suite 240 |
|   | Walnut Creek, CA 94596 |
| 4 | Tel: (925) 999-8200 |
|   | Fax: (925) 884-1725 |
| 5 |   |
| 6 | Eric P. Knowles, Esq. (*admitted pro hac vice*) |
|   | EKnowles@frierlevitt.com |
| 7 | Paul S. St. Marie, Jr., Esq. (*admitted pro hac vice*) |
|   | PStMarie@frierlevitt.com |
| 8 | **Frier Levitt, LLC** |
| 9 | 84 Bloomfield Avenue, |
|   | Pine Brook, NJ 07058 |
| 10 | Tel.: (973) 852-1872 |
|   | Fax (973) 618-0650 |
| 11 |   |
| 12 | Attorneys for Defendant, Medvidi, Inc. |

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| CHET MICHAEL WILSON, individually and on behalf of all others similarly situation, | |
|---|---|
| Plaintiff, | CASE No. 5:25-cv-03996-BLF |
| v. | **DECLARATION OF PAUL S. ST. MARIE, ESQ. IN SUPPORT OF DEFENDANT MEDVIDI'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT** |
| MEDVIDI INC., | |
| Defendant. | |

I, Paul S. St. Marie, do hereby declare and state as follows:

1. I am an attorney admitted to practice in the state of New Jersey and I am admitted *pro hac vice* in the Northern District of California as counsel for Defendant Medvidi, Inc. in connection with the above captioned matter.

2. This Declaration is being submitted in connection with Defendant's Memorandum of Law in Support of Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint ("SAC"). *See* Dkt. 30 (SAC).

3. All statements made in this Declaration are based on my personal knowledge.

4. Paragraph 24 of the SAC contains screenshots of two separate text conversations allegedly sent by Defendant to Plaintiff, specifically the 2022 Conversation and the 2024 Conversation. SAC ¶ 24.

5. According to the Plaintiff, "[t]he links in these text messages lead to the Medvidi website, which supports that the Defendant itself sent the text messages." SAC ¶ 25. However, Plaintiff is incorrect.

6. For example, none of the 9 hyperlinks embedded in the text message communications received by Plaintiff between October 7, 2024 and December 17, 2024 that collectively comprise the 2024 Conversation connect to a website owned and operated by Defendant when clicked. *See* SAC ¶ 24. Specifically, when I clicked on each of the 9 hyperlinks (last accessed on October 30, 2025), each link directed me to the homepage for "clicksend.com" which is an automated telephone call and text messaging service that assists companies in contacting their customers. Thus, none of the 9 hyperlinks navigate to a website associated with the telehealth company offering the services identified in the text messages.

7. Furthermore, the allegations set forth in Plaintiff's First Amended Complaint ("FAC"), which were ultimately removed from the SAC, support a finding that: (1) Plaintiff failed to conduct an adequate pre-suit investigation into whether Defendant is responsible for the alleged harm and (2) Plaintiff attributes to Defendant Medvidi the conduct of an entirely unrelated entity such that Plaintiff is suing the wrong entity. Specifically, the FAC wrongfully

alleged that Defendant sent to Plaintiff at least five text communications since the filing of this action between July 8, 2025 and October 10, 2025. *See* Dkt. 29 (FAC) at ¶¶ 28-33.

8. Specifically, based on the hyperlinks embedded in the FAC, I identified a Delaware Limited Liability Company registered as **Medvi LLC** ("Medvi") to be the entity that is likely responsible for sending the text communications. *See* www.medvi.org (webpage indicating that Medvi LLC engages in providing patients with telehealth services related to GLP-1 medication – a business model similar to Defendant Medvidi).

9. For example, Paragraph 29 of the FAC alleges that Defendant sent a text message communication to Plaintiff on July 8, 2025 with an embedded hyperlink that "[w]hen clicked…redirected to a webpage advertising Medvidi's telehealth services." FAC ¶ 28. Specifically, when I attempted to access the hyperlink in question (https://l.**medvi.org**/Ben244 (emphasis added)), the link appeared to be inactive such that an error message stating the website was "Not Found" appeared. Furthermore, a simple reading of the hyperlink itself would make readily apparent that the embedded link (if active) would have directed someone to medvi.org – not medvidi.com (Defendant's actual website).

10. As for the other four text messages alleged to have been sent by Defendant in the FAC (*see* ¶¶ 30-33), the embedded hyperlinks for those 4 text messages were either inactive (*see* FAC ¶¶ 30-31, and 33) or, in one instance, actually navigated me directly to the homepage of medvi.org (*see* FAC ¶¶ 32).

11. Accordingly, it is difficult to determine what, if any, investigation was conducted in order to identify Defendant as the offending party where 4 of the 5 hyperlinks embedded within newly alleged messages in the FAC did not work where one of the links

actually contained the medvi.org domain name with the fifth hyperlink actually directing a user to medvi.org when clicked.

Having reviewed this Declaration, I declare, under penalty of perjury and pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

Respectfully submitted,

Dated: October 30, 2025

*/s/ Paul S. St. Marie, Esq.*
Paul S. St. Marie, Esq.
Frier Levit, LLC
*Attorney for Defendant Medvidi, Inc.*