Dana J. Oliver, Esq. (SBN: 291082)
dana@danaoliverlaw.com
OLIVER LAW CENTER, INC.
8780 19th Street #559
Rancho Cucamonga, CA 91701
Telephone: (855)384-3262
Facsimile: (888)570-2021

*Attorney for Plaintiff and the Proposed Class*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHET MICHAEL WILSON, individually and on behalf of all others similarly situated,<br><br>  Plaintiff,<br>v.<br><br>MEDVIDI INC<br><br>  Defendant. | Case No. 5:25-cv-03996-BLF<br><br>**DATE: JANUARY 22, 2025**<br>**TIME: 9:00 A.M.**<br>**COURTROOM 1, FIFTH FLOOR**<br>**HON. BETH LABSON FREEMAN** |

**PLAINTIFF'S OPPOSITION TO THE**
**<u>DEFENDANT'S SECOND MOTION TO DISMISS</u>**

## TABLE OF CONTENTS

INTRODUCTION ................................................................................................................ 1

BACKGROUND ................................................................................................................. 2

STANDARD ........................................................................................................................ 3

ARGUMENT ....................................................................................................................... 4

I. Plaintiff Alleges that Medvidi Sent the Text Messages at Issue; Indeed, Their Executive Admitted It ....................................................................................................................... 4

II. Armed with an Admission from Medvidi that It Sent the Text Messages at Issue, the Motion Should Be Denied. However, If Required, Plaintiff Should Be Permitted Leave to Amend ................................................................................................................................ 9

CONCLUSION ................................................................................................................. 11

# TABLE OF AUTHORITIES

**Cases**

*Abboud v. Circle K Stores Inc.*, 731 F. Supp. 3d 1094 (D. Ariz. 2024) ..................................... 5

*Abramson v. Josco Energy USA, LLC*, No. 2:21-cv-1322, 2022 U.S. Dist. LEXIS 237792 (W.D. Pa. Aug. 1, 2022) .................................................................................................................. 5

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................................ 3, 10

*Bank v. Digital Media Solutions, Inc.*, 2023 WL 1766210 (E.D.N.Y. Feb. 3, 2023) ................. 8

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ......................................................... 3, 10

*Chesbro v. Best Buy Stores, L.P.*, 705 F.3d 913 (9th Cir. 2012) .............................................. 9

*Chinitz v. Intero Real Estate Services*, No. 18-cv-05623, 2021 WL 1375837 (N.D. Cal. Apr. 12, 2021) ....................................................................................................................... 5

*Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2003) ................................. 11

*Escano v. Symmetry Fin. Grp. of N.C., LLC*, No. 2:21-cv-0884, 2022 WL 2072875 (D.N.M. 2022) ........................................................................................................................ 6

*Hoagland v. Axos Bank*, 2021 U.S. Dist. LEXIS 203311 (S.D. Cal. Oct. 21, 2021) ................. 5

*Hollis v. eXp Realty LLC*, 2025 U.S. Dist. LEXIS 187043 (W.D. Wash. 2025) ....................... 6

*Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025 (9th Cir. 2008) ..................... 3, 10

*Matthews v. Mid City Cannabis Club, Inc.*, No. CV 20-07841 PA (JPRx), 2021 WL 1567496 (C.D. Cal. Mar. 2, 2021) ................................................................................................. 3

*Pavelka v. Paul Moss Insurance Agency*, 2023 WL 3584695 (N.D. Ohio May 22, 2023) ........ 8

*Ragsdale v. Leadpoint, Inc.*, No. 2:24-CV-04542-MCS-SK, 2024 WL 5424125 (C.D. Cal. Nov. 5, 2024) .......................................................................................................... 5

*Reisman v. Gen. Digital Inc.*, 2025 U.S. Dist. LEXIS 162380 (S.D. Cal. 2025) ..................... 11

*Rogers v. Assurance IQ, LLC*, No. C21-0823TL, 2023 WL 2646468 (W.D. Wash. Mar. 27, 2023) .................................................................................................................................... 4

*Scofield v. Alleviate Tax LLC*, No. 1:24-cv-03231-DDD-KAS (D. Colo. Sept. 18, 2025) ....... 6

*Smith v. American-Amicable Life Insurance Co. of Texas*, No. 22-333, 2022 WL 1003762 (E.D. Pa. Apr. 4, 2022) ...................................................................................................................... 5

*Soo Park v. Thompson*, 851 F.3d 910 (9th Cir. 2017) .................................................................. 9

*Stemke v. Marc Jones Constr., LLC*, No. 5:21-cv-274-30, 2021 WL 4340424 (M.D. Fla. Sept. 23, 2021) .................................................................................................................................... 6

*Taylor v. Suntuity Solar L.L.C.*, No. 8:23-cv-00694, 2024 WL 964199 (M.D. Fla. Mar. 6, 2024) ................................................................................................................................................ 6

*Wilson v. Medvidi Inc.*, 2025 U.S. Dist. LEXIS 198827 (N.D. Cal. Oct. 7, 2025) ...... 2, 4, 10, 11

**Statutes and Rules**

47 U.S.C. § 227(c) ................................................................................................................. 1, 2

Fed. R. Civ. P. 8(a)(2) ................................................................................................................ 3

Fed. R. Civ. P. 12(b)(6) .............................................................................................................. 3

Fed. R. Civ. P. 15(a)(2) ............................................................................................................ 11

Fed. R. Evid. 801(d)(2)(D) ......................................................................................................... 7

**INTRODUCTION**

Defendant Medvidi, Inc. again seeks dismissal by claiming that it did not send the text messages that form the basis of this case. That argument fails—particularly against the backdrop of this Court's prior order. On October 7, 2025, the Court held that 47 U.S.C. § 227(c) covers text messages, explaining that the statute's text, structure, and purpose make clear that "telephone call" in § 227(c) encompasses written text messages, and that Congress focused on the purpose of the solicitation rather than the transmission form. The Court rejected Medvidi's contrary reading and granted leave to amend solely to add factual detail on the sending of the text messages.

The Second Amended Complaint ("SAC") provides exactly what the Court invited. It alleges detailed facts showing that Medvidi itself sent the telemarketing texts: the messages identified Medvidi by name and linked to Medvidi's website; Plaintiff had already opted out in 2022 but still received additional solicitations in 2024; and, critically, Medvidi's Chief Operating Officer, Oleg Gorbylev, admitted in a February 3, 2025 email that Plaintiff's phone number was in Medvidi's system and that Medvidi had sent prior messages to that number. SAC ¶¶ 22–27. Those allegations go well beyond what the Court found missing previously and satisfy Rule 8.

Medvidi's renewed motion leans on counsel's hyperlink "testing," complains that some URLs are now inactive, and speculates about other entities. That misses the point. The question at this stage is whether the SAC plausibly alleges that Medvidi sent the messages—something the SAC now does in multiple, mutually reinforcing ways, including through a direct party admission.

As such, the motion should be denied.

**BACKGROUND**

Medvidi moved to dismiss the original complaint. On October 7, 2025, the Court granted that motion with leave to amend. (*Wilson v. Medvidi Inc.*, 2025 U.S. Dist. LEXIS 198827 (N.D. Cal. Oct. 7, 2025).) In its order, the Court rejected Defendant's statutory argument and held that 47 U.S.C. § 227(c) encompasses text messages, emphasizing that "telephone call" in § 227(c) includes written text solicitations and that Congress focused on the purpose of the communication rather than its form. The Court granted leave to amend solely to allow Plaintiff to cure factual deficiencies by providing additional detail showing Medvidi's direct authorship or, if applicable, agency.

Plaintiff then filed the Second Amended Complaint (ECF No. 30) supplying precisely that detail: the timing and content of the messages, their branded links to Medvidi's website, Plaintiff's prior opt-out and Medvidi's continued messaging, and the written admission from Medvidi's Chief Operating Officer acknowledging that Medvidi sent prior messages to Plaintiff's number. Those allegations are summarized below.

Plaintiff is the subscriber and customary user of a cellular telephone number ending in 9999 that he registered on the National Do Not Call Registry more than thirty days before the events at issue. (SAC ¶ 18, ECF No. 30.) He has never consented to receive solicitations from Medvidi and has never done business with Medvidi. (SAC ¶ 19, ECF No. 30.) In 2022, Plaintiff received telemarketing text messages promoting Medvidi's services, replied "STOP," and received an acknowledgment of the opt-out; nevertheless, additional Medvidi marketing texts were sent to him in 2024. (SAC ¶¶ 22–24, ECF No. 30.)

The messages identified Medvidi by name and contained hyperlinks directing recipients to Medvidi's website. (SAC, ECF No. 30 ¶¶ 22–25.) der, Oleg Gorbylev, sent an email to

Plaintiff's counsel acknowledging that the phone number ending in 9999—Plaintiff's number—was associated with a different individual in Medvidi's internal system and further admitting that Medvidi had sent prior messages to that number. (SAC, ECF No. 30 ¶¶ 26–27.) These admissions confirm that Medvidi itself transmitted the calls.

In response, Medvidi filed its renewed Motion to Dismiss, supported by the Declaration of its counsel (ECF No. 34-1), asserting that some hyperlinks identified in the SAC are now inactive and faulting Plaintiff for not attaching screenshots, access dates, or archived captures. But link inactivity today does not undermine the plausibility of the SAC's allegations about the messages as sent, and in any event, Medvidi's own written admission independently establishes that it was the sender.

## **STANDARD**

"The Ninth Circuit is particularly hostile to motions to dismiss under Rule 12(b)(6)." *Matthews v. Mid City Cannabis Club, Inc.*, No. CV 20-07841 PA (JPRx), 2021 WL 1567496, at *2 (C.D. Cal. Mar. 2, 2021). The purpose of Rule 8(a)(2) is to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In assessing a Rule 12(b)(6) motion to dismiss, the court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

# ARGUMENT

## I. The Plaintiff alleges that the Medvidi sent the Text Messages at Issue. Indeed, their Executive Admitted it.

The SAC provides the detailed factual content this Court previously found missing. The Court's October 7, 2025 order granted leave to amend so Plaintiff could add "additional factual allegations concerning the circumstances in which the text messages were sent and the identities of any third parties." *Wilson v. Medvidi Inc.*, 2025 U.S. Dist. LEXIS 198827, at *11–12 (N.D. Cal. Oct. 7, 2025). The SAC (ECF No. 30) supplies exactly that detail.

To allege a seller's direct liability, a plaintiff must provide more than conclusory allegations that the seller initiated or "physically dialed" a call that violated the TCPA. *Cf. Rogers v. Assur. IQ, LLC*, No. C21-0823TL, 2023 U.S. Dist. LEXIS 51955, 2023 WL 2646468, at *1, 5 (W.D. Wash. Mar. 27, 2023) (discussing direct liability in the context of a third-party vendor and platform provider). Instead, plaintiffs "must allege facts to support their belief that the defendant placed the calls at issue, such as how the caller identified itself, the substance of the calls, or other details revealing that the defendant actually took steps to place the calls." *See id.* (citations and quotations omitted). Here, the Plaintiff makes such a pleading.

First, the messages bore Medvidi's identity and linked to its website. The SAC alleges that Plaintiff received telemarketing text messages in 2022 and 2024 advertising Medvidi's telehealth services. The messages identified Medvidi by name and contained hyperlinks that led to Medvidi's website. (SAC ¶¶ 22–25, ECF No. 30.) This is precisely the factual enhancement the Court envisioned when it granted leave to amend. The SAC's description of the branded texts, their direct links to Medvidi's online platform, and their continued transmission even after Plaintiff's opt-out provide far more than the "unadorned labels" the Court found insufficient in the original pleading.

Courts have consistently held that such allegations suffice to state a plausible claim of direct TCPA liability. *See e.g. Abboud v. Circle K Stores Inc.*, 731 F. Supp. 3d 1094, 1103 (D. Ariz. 2024) (reasoning that the allegation that the messages contained links to the defendant's products made it plausible that the defendant sent the messages to advertise its services, despite that other allegations were conclusory); *Ragsdale v. Leadpoint, Inc.*, No. 2:24-CV-04542-MCS-SK, 2024 U.S. Dist. LEXIS 202327, 2024 WL 5424125, at *2 (C.D. Cal. Nov. 5, 2024) (rejecting a similar motion to dismiss and reasoning courts found that a plaintiff states a claim when the pleading links an anonymous solicitation to a defendant with more than a "bare allegation," such as an allegation that the message directed the recipient to a website with defendant's products); *Hoagland v. Axos Bank*, 2021 U.S. Dist. LEXIS 203311, 2021 WL 4924814, at *3 (S.D. Cal. Oct. 21, 2021) (finding the plaintiff plausibly alleged **direct liability** by stating a particular defendant placed the call); *Smith v. American-Amicable Life Insurance Co. of Texas*, No. 22-333, 2022 WL 1003762, at *2 (E.D. Pa. Apr. 4, 2022) (allegations that plaintiff was told he was "speaking with American-Amicable" and offered insurance benefits sufficient to state a claim); *Abramson v. Josco Energy USA, LLC*, No. 2:21-cv-1322, 2022 U.S. Dist. LEXIS 237792, at *6 (W.D. Pa. Aug. 1, 2022) ("Defendant might dispute those facts, but as now alleged, they go beyond formulaically reciting the elements of Plaintiff's cause of action"); *Chinitz v. Intero Real Estate Services*, No. 18-cv-05623, 2021 WL 1375837, at *5 (N.D. Cal. Apr. 12, 2021) (holding that allegations that sales associates identified the defendant's real estate company during telemarketing calls supported a plausible inference of direct liability). These decisions confirm that Plaintiff's well-pled factual allegations more than clear the Rule 12(b)(6) plausibility threshold and distinguish this case from the authorities Defendant relies on.

Although Plaintiff must allege either a direct or vicarious liability theory of TCPA liability, the bar for the Plaintiff is not as high as the Defendant makes out. As another court recently held while denying a similar motion to dismiss:

> Alleviate is right about the legal requirement, but wrong that the complaint is insufficient to satisfy it at the motion-to-dismiss stage. The complaint alleges that Mr. Scofield received a call and a resulting voicemail that urged him to call a number, and that the person who answered that number identified "his company" as Alleviate. Doc. 1 ¶¶ 22-27. Taking these allegations as true, as I must at this stage, and making all reasonable inferences in favor of Mr. Scofield, as I also must at this stage, this is sufficient to allow a reasonable juror to infer that Alleviate was responsible for—that is, made or initiated—the call. . . . Phone numbers are easily spoofed, and making a call appear to come from a number other than the one belonging to the actual caller is hardly unheard-of, especially in the robocalling world. Likewise, the argument that there is nothing to support the claim that the call was made by an agent of Alleviate is unpersuasive. The allegation is that the person who answered the number left in the robocall's voicemail said that he was doing so on Alleviate's behalf.

*Scofield v. Alleviate Tax LLC*, No. 1:24-cv-03231-DDD-KAS, ECF No. 42 (D. Colo. Sep. 18, 2025). Thus, Plaintiff's allegations far exceed this bar and courts have similarly held as much. *See e.g. Escano v. Symmetry Fin. Grp. of N.C., LLC*, No. 2:21-cv-0884, 2022 WL 2072875, at *5 (D.N.M.) (denying motion to dismiss in TCPA case holding, "Escano's allegations that the calls were all related to "life and health insurance" and that the content of the calls "was substantially similar enough that a reasonable person would identify the communications as coming from the same entity or group of entities.")

Defendant advances the same faulty legal standard as the defendant in *Scofield*, reasoning that the Plaintiff's well-pled allegations connecting the caller, calls, and their stated and admitted purpose are insufficient to demonstrate a theory of direct liability at the pleadings stage. Fortunate for consumers bombarded with telemarketing calls, other Courts have similarly held that the allegations are sufficient. *See, e.g., Taylor v. Suntuity Solar L.L.C.*, No. 8:23-cv-00694, 2024 WL 964199, at *6 (M.D. Fla. Mar. 6, 2024) ("Plaintiff's allegations are sufficient to plead a

- 6 -
OPPOSITION TO MOTION TO DISMISS

claim for Defendant's direct liability under the TCPA at this stage . . . Plaintiff alleges Defendant initiated the telemarketing calls. Specifically, Plaintiff alleges, 'The Plaintiff received calls from Suntuity Solar on at least January 31 and February 8, 2023.' . . . Plaintiff further alleges: 'During both calls, Plaintiff was initially provided a generic, fake name, solar of America' . . . 'The only real company identified during the calls was Suntuity.'") (cleaned up); *Stemke v. Marc Jones Constr., LLC*, No. 5:21-cv-274-30, 2021 WL 4340424, at *2 (M.D. Fla. Sep. 23, 2021) ("Sunpro's motion to dismiss goes beyond the pleading to challenge the merits of the alleged facts. Indeed, the crux of Sunpro's motion questions Plaintiff's allegations that Sunpro placed the subject calls. For example, Sunpro argues that Plaintiff fails to 'support' a plausible inference that Sunpro is directly or vicariously liable for the calls Plaintiff received because she does not allege facts that associate Sunpro to the calls allegedly at issue. But a review of the Amended Complaint belies this argument—Plaintiff alleges several times that she or her attorneys confirmed that Sunpro placed the subject calls. Plaintiff even includes the phone numbers and the dates she received the calls.").

In sum, this Court can more than plausibly infer that the Defendant is directly liable for the calling conduct described in the complaint on the bases alleged as other courts have done with far less. *See, e.g.*, *Hollis v. eXp Realty LLC*, 2025 U.S. Dist. LEXIS 187043, *7 (W.D. Wa.) ("In sum, by alleging that eXp Realty made the calls at issue and by including supporting allegations to explain his belief that eXp Realty made the calls, Mr. Hollis includes sufficient allegations, if accepted as true, to allow the court to reasonably infer that eXp Realty is directly liable for violating the TCPA.")

Second, Medvidi's Chief Operating Officer admitted in writing that Medvidi transmitted the messages. The February 3, 2025 email from Medvidi's Chief Operating Officer, Oleg

Gorbylev, removes any doubt as to authorship. In that correspondence, Gorbylev confirmed that Plaintiff's phone number ending in 9999 was in Medvidi's internal system and that Medvidi had sent prior text messages to that number. (SAC ¶¶ 26–27, ECF No. 30.) This statement is a binding admission under Federal Rule of Evidence 801(d)(2)(D) and also an incredibly straightforward allegation with a clear basis. This admission directly cures the deficiency the Court identified in dismissing the earlier complaint—namely, that the prior pleading lacked facts "plausibly suggesting that Defendant actually sent" the messages. *Wilson v. Medvidi Inc.*, 2025 U.S. Dist. LEXIS 198827, at *10. The SAC now includes a specific acknowledgment from Medvidi's top officer confirming the company's own role in sending the texts. That admission forecloses Defendant's renewed denial of authorship.

 Indeed, it is not surprising that other courts have routinely rejected motions to dismiss under similar circumstances when the allegations plausibly connect the messages to the defendant through the defendant's own identifiers or admissions. In *Bank v. Digital Media Solutions, Inc.*, 2023 WL 1766210, at 4–6 (E.D.N.Y. Feb. 3, 2023), the court denied dismissal where text messages originated from a short code and contained links to domains owned by the defendant. Those unique identifiers, directly controlled by the defendant, were sufficient to plausibly establish authorship at the pleading stage. Likewise, in *Pavelka v. Paul Moss Insurance Agency*, 2023 WL 3584695, at 5–6 (N.D. Ohio May 22, 2023), the court denied dismissal because disputes over who actually placed the calls presented factual questions not appropriate for resolution on a Rule 12(b)(6) motion, where the complaint tied the communications to the defendant's operations. The same reasoning applies here: Medvidi's own branded messages and its Chief Operating Officer's admission that Medvidi sent prior messages to Plaintiff's number leave no room for plausible doubt at the pleading stage.

Defendant also revives the argument—abandoned after the parties' stipulation—that Plaintiff sued the wrong entity. The prior reference to "Medvi LLC" originated in the First Amended Complaint, which the parties stipulated to replace specifically to correct that inadvertent misidentification. The stipulation and the filing of the SAC (ECF No. 30) eliminated any confusion. Plaintiff acted in good faith and with the Court's leave, as contemplated by its October 7, 2025 order. The SAC now clearly and unequivocally alleges that *Medvidi, Inc.* sent the texts. In short, the alleged link inactivity and prior Medvi confusion do nothing to undermine the SAC's plausibility. The operative complaint now includes detailed factual allegations, branded content descriptions, and a corporate admission that together establish direct authorship. Those allegations satisfy Rule 8 and the standard this Court applied in its October 7 Order.

This Court approaches the issue on this motion to dismiss "with a measure of common sense." *Chesbro v. Best Buy Stores, L.P.*, 705 F.3d 913, 918 (9th Cir. 2012). When the entire factual context is considered and the pleading is construed in the light most favorable to Plaintiff, this Court should find that Plaintiff has nudged his claim "across the line from conceivable to plausible." *See Soo Park v. Thompson*, 851 F.3d 910, 928 (9th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 680, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).

**II.     Armed with an Admission from Medvidi that it sent the Text Messages at Issue, the Motion Should be Denied. However, if Required, the Plaintiff should be Permitted Leave to Amend to Include a Screenshot he Saved of a Text Message Received**

With a direct admission that the Defendant sent the text messages at issue, the Plaintiff need not state more for a claim. However, Defendant contends that the links referenced in Paragraph 24 of the SAC are "no longer active," and faults Plaintiff for not attaching screenshots, access dates, or archived captures. (St. Marie Decl. ¶¶ 4–6, ECF No. 34-1.) These

assertions are immaterial. Whether hyperlinks remain active today has no bearing on whether they led to Medvidi's website when the messages were sent. The SAC alleges that they did, and at the motion-to-dismiss stage, that allegation must be accepted as true. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The fact that URLs may later expire or redirect does not erase the content that was transmitted to consumers at the time of violation.

Nor was Plaintiff required to attach screenshots or digital archives to survive dismissal. The Federal Rules require only plausible factual allegations, not evidentiary exhibits. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). As the Court recognized when granting leave to amend, discovery—not pleading—is the proper vehicle for confirming technical link data. *Wilson v. Medvidi Inc.*, 2025 U.S. Dist. LEXIS 198827, at *11–12. Plaintiff's task was to allege factual content identifying Medvidi as the sender, and the SAC does exactly that.

However, if the Court concludes that Plaintiff's current allegations do not suffice to plead Medvidi's direct liability, dismissal should be with leave to amend. Fed. R. Civ. P. 15(a)(2) directs that courts "should freely give leave when justice so requires," and the Ninth Circuit applies this policy with "*extreme liberality*." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051–52 (9th Cir. 2003) (emphasis added) (presumption in favor of amendment; prejudice is the touchstone). The Plaintiff himself took the following screen shot after clicking on the link in a text message he received:



If the Court determined adding that as necessary (it should not), he should be permitted to leave to amend. *See e.g. Reisman v. Gen. Digital Inc.,* 2025 U.S. Dist. LEXIS 162380, at *6–7 (S.D. Cal. 2025) (denying dismissal where complaint's screenshots and links showed messages promoting defendant's products and the Court declined to credit Defense counsel's contrary assertions at Rule 12 stage).

## CONCLUSION

For the second time, Defendant seeks to avoid the substance of this case by insisting that it did not send the very messages its own officer admitted it sent. The Court has already resolved the threshold question of whether text messages fall within the scope of the statute; what remains is whether Plaintiff has plausibly alleged that Medvidi sent the texts at issue. The operative

complaint does exactly that. It identifies the dates, content, and purpose of the messages, establishes that they were branded and linked directly to Medvidi's website, and includes a written admission from Medvidi's Chief Operating Officer confirming that the company sent messages to Plaintiff's number. Those allegations present a coherent and well-supported account that easily meets the Rule 8 standard.

      The Defendant's latest arguments—centered on expired links, speculative investigations, and long-corrected clerical confusion—do not undermine those facts. Whether a hyperlink remains functional today has no bearing on the plausibility of what was sent years ago. Nor can a defendant's present-day self-serving denial erase its own written acknowledgment that it sent the messages in question. The SAC represents precisely the kind of careful, factual pleading this Court invited when it granted leave to amend.

      At its core, this case is straightforward. A consumer placed his number on the National Do Not Call Registry, opted out of prior solicitations, and was nevertheless targeted again. Medvidi's own internal records confirm that those messages came from its system. Under these circumstances, there is no basis to end this case before discovery.

      Accordingly, Plaintiff respectfully requests that the Court deny the motion in full. In the alternative, and only if the Court determines that further factual detail is necessary, Plaintiff should be granted leave to amend to attach the screenshot he preserved of one of the text messages he received. Plaintiff stands ready to proceed to discovery to establish the full scope of Defendant's unlawful telemarketing practices and to secure relief on behalf of the putative class of similarly situated consumers.

DATED this 11th day of November, 2025.

By: */s/ Anthony I. Paronich*
Anthony I. Paronich, *Pro Hac Vice*
anthony@paronichlaw.com
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, Massachusetts 02043
Telephone: (617) 738-7080
Facsimile: (617) 830-0327

*Attorney for Plaintiff and the putative Class*