**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| CHET MICHAEL WILSON, <br>     Plaintiff, <br> v. <br> MEDVIDI INC, <br>     Defendant. | Case No. 5:25-cv-03996-BLF <br><br> **ORDER DENYING MOTION TO DISMISS SECOND AMENDED COMPLAINT** <br><br> [Re: ECF Nos. 34, 42] |

Before the Court is Defendant MEDVIDI Inc.'s ("MEDVIDI's") motion to dismiss Plaintiff Chet Michael Wilson's second amended complaint ("SAC") for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 34("Mot."); ECF No. 43 ("Reply"). Mr. Wilson opposes the motion. ECF No. 43 ("Opp."). The Court finds the motion suitable for decision without oral argument and VACATES the hearing scheduled for January 22, 2026. *See* Civ. L.R. 7-1(b). This order further resolves ECF No. 42, which requests postponement of the hearing date as moot.

The motion is DENIED.

**I.     BACKGROUND**

Mr. Wilson filed a two-count class action complaint against MEDVIDI on May 7, 2025, alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(c)(5), and implementing regulations 47 C.F.R. 64.1200(c), (d). ECF No. 1. In the complaint, Mr. Wilson alleges that he registered his phone number on the National Do Not Call Registry, did not consent to receive calls from MEDVIDI, and received multiple telemarketing text messages from MEDVIDI in 2022 and 2024. *Id.* ¶¶ 18–22.

In the first round of motions, MEDVIDI moved to dismiss the complaint, arguing that text

United States District Court
Northern District of California

1  messages do not qualify as a "call" within the meaning of the TCPA and that the complaint lacked
2  sufficient factual allegations to plausibly state a claim against MEDVIDI. ECF No. 14. The Court
3  granted the motion with leave to amend, holding that the TCPA's prohibition on certain
4  unsolicited telephone calls applies to text messages as described by Mr. Wilson in the original
5  complaint, but that the complaint "does not plead sufficient facts to plausibly allege that
6  Defendant was the party directly responsible for sending the alleged improper communications."
7  ECF No. 28 at 7. The Court granted leave to amend so that Mr. Wilson could "provide additional
8  factual allegations concerning the circumstances in which the text messages were sent and the
9  identities of any third parties." *Id.*

Mr. Wilson filed the SAC on October 16, 2025. In the SAC, Mr. Wilson attached text messages reflecting MEDVIDI's identity and alleged that they contained hyperlinks leading to MEDVIDI's website, describing them as direct links to MEDVIDI's online platform and alleging that they continued to function even after Mr. Wilson had opted out. SAC ¶¶ 22–25. MEDVIDI renewed its motion to dismiss, renewing its argument that Mr. Wilson failed to meet Rule 8's pleading standard.

## II. LEGAL STANDARD

Dismissal is appropriate under Rule 12(b)(6) "if the complaint fails to state a cognizable legal theory or fails to provide sufficient facts to support a claim." *Sinclair v. City of Seattle*, 61 F.4th 674, 678 (9th Cir. 2023). The task when ruling on a motion to dismiss "is to evaluate whether the claims alleged [plausibly] can be asserted as a matter of law." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

## III. DISCUSSION

MEDVIDI argues that the SAC fails to state a claim because it "does not credibly allege that the same party was responsible for all of the accused communications, which, at a minimum,

renders [Mr. Wilson's] claim that [MEDVIDI] willfully and knowingly violated the TCPA untenable." Mot. at 12. The Court disagrees. To state a TCPA claim, a plaintiff must "allege facts to support their belief that the defendant placed the calls at issue, such as how the caller identified itself, the substance of the calls, or other details revealing that the defendant actually took steps to place the calls." *Rogers v. Assur. IQ, LLC*, No. 21-cv-0823-TL, 2023 WL 2646468, at *5 (W.D. Wash. Mar. 2, 2023) (internal quotation marks and citation omitted). In urging that the SAC does not sufficiently allege MEDIVIDI's identity, MEDVIDI misstates what is required at the pleading stage for a TCPA claim, namely, more than a "bare allegation" that the defendant sent the challenged communications. *Ragsdale v. Leadpoint, Inc.*, No. 24-cv-04542-MCS, 2024 WL 5424125, at 2 (C.D. Cal. Nov. 5, 2024).

Here, the SAC alleges that the messages bore indicia linking their source to MEDVIDI, advertised MEDVIDI's telehealth platform, and contained hyperlinks leadings to MEDVIDI's website. These allegations are sufficiently concrete to establish a plausible inference that MEDVIDI in fact sent the challenged communications. *See, e.g., Abboud v. Circle K Stores Inc.*, 731 F. Supp. 3d 1094, 1103 (D. Ariz. 2024). Although MEDVIDI may later be able to establish that the evidence in the record is insufficient, that is a matter better suited for summary judgment, once the parties have had the opportunity to take discovery. In sum, the Court is satisfied that the factual allegations added to the SAC, resolving all inferences in Mr. Wilson's favor, are sufficient to survive MEDVIDI's motion.

## IV. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that the motion is DENIED. MEDVIDI SHALL file an answer to the SAC within 30 days of the date of this order.

**IT IS SO ORDERED**

Dated: January 20, 2026

_____
BETH LABSON FREEMAN
United States District Judge